JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Franklin Inn, Ltd. appeals the judgment of the Cleveland Municipal Court, Housing Division, entered on March 24, 2004. For the reasons that follow, we affirm.
 {¶ 2} Appellant and its principal, Michael Chesler, are investment owners who acquire historic structures and rehabilitate them for profit. On October 12, 2000, the city of Cleveland issued appellant a notice of violation of housing ordinances with respect to a property located at 2826 Franklin Avenue in Cleveland. Pursuant to the notice, appellant was to correct the violations by November 11, 2000; however, he failed to do so, and a complaint was issued on November 16, 2000.
 {¶ 3} A plea agreement and order were entered on October 2, 2002, pursuant to which appellant entered a plea of no contest and the court entered a finding of guilty. Under the agreement, the court imposed a fine of $20,000 and indicated the case would return "for final status and possible execution of the sentence" on January 29, 2003, before which time corrections were to be made to the property. The agreement further provided that the court would consider mitigating factors in rendering a decision.
 {¶ 4} On January 17, 2003, appellant filed a motion to mitigate on the basis that the repairs had been substantially completed, stating "[i]t would appear that the sole remaining item involved is painting the rear upper dormer area which will be completed once weather permits." Appellant also indicated it had spent $25,460.25 to date on the premises and anticipated spending an additional $13,107.10. The city objected to the motion, claiming it was premature, since all of the violations had not been corrected.
 {¶ 5} In February 2003, the court received a number of letters from concerned homeowners complaining that the property had not been brought into compliance with the city's code for over two years.
 {¶ 6} In a judgment entry dated March 27, 2003, the court considered a number of sentencing factors including, but not limited to, the following: Appellant was an "investor owner" with the goal of making a profit on the property from rehabilitating it; the city's notice required appellant to make repairs by November 11, 2000, yet appellant delayed making repairs for two years; while appellant had done substantial work on the property, not all repairs had been completed; there was no evidence before the court to establish appellant was prevented from making prompt repairs; and appellant had plainly profited from deferred maintenance. The court also considered as a mitigating factor that appellant had rehabilitated the property beyond minimum code requirements.
 {¶ 7} After considering these factors, the court estimated that appellant had saved approximately $6,000 by deferring repairs and imposed execution of $9,000 of the $20,000 sentence as a deterrent and appropriate punishment. The court then deferred judgment on the remaining $11,000 until all needed repairs were made. The court further indicated that appellant could seek mitigation of the remaining $11,000 once all repairs were completed.
 {¶ 8} On November 19, 2003, the court issued a judgment entry. The court indicated that more than six months had passed and the appellant had not filed a motion to suspend all or part of the remaining $11,000 and had not made any payments toward the $9,000 fine that had already been imposed. The court ordered the full sentence executed, including costs, in the total amount of $20,220.
 {¶ 9} On December 9, 2003, appellant filed a motion to reconsider, including a separate motion to mitigate. In the motion, appellant stated that as indicated in its January 2003 motion, the sole item that remained to be completed was the upper dormer area, which appellant claimed would be completed as the weather permitted, or during March-April 2003. This area had been painted; however, appellant stated the subcontractor had neglected to paint a very small portion of the upper dormer area. Appellant's contractor was unsuccessful at having the subcontractor complete the repair, and on November 25, 2003, the contractor completed the repair itself. We note the repair was completed after the court's judgment was entered on November 19, 2003, and eight months after the court had deferred judgment pending completion of the repairs.
 {¶ 10} On December 19, 2003, appellant timely filed a notice of appeal from the court's judgment entry. The appeal was dismissed pending a ruling on a motion to mitigate sentence. The motion to mitigate indicated the subject property was free of code violations, that appellant had expended the sum of $38,567.35 to date on repairs and rehabilitation of the subject property, that the appellant owned no other properties, and that only one other property owned by appellant's principal was the subject of code violations, which had been completed.
 {¶ 11} On March 24, 2004, the trial court denied appellant's motion to mitigate. The court indicated that appellant had failed to address the issue of the profit realized by appellant and its principal by deferred maintenance. The court further found appellant's other arguments, including that it had eventually completed the repairs, unconvincing.
 {¶ 12} On April 24, 2004, appellant timely filed the instant appeal raising one assignment of error for our review, which provides:
 {¶ 13} "The trial court erred and abused its discretion when it denied the appellant's motion to mitigate sentence, as set forth in journal entry dated November 19, 2003."
 {¶ 14} Appellant argues that in compliance with the court's journal entry dated November 19, 2003, it filed a motion to mitigate. The trial court denied the motion in its judgment entry dated March 24, 2004.[1]
Appellant claims that the trial court abused its discretion in denying the motion based on a concern that property owners profit from deferred maintenance, without any evidence that appellant had, in fact, profited from the delay in this case. Appellant states the record supports the opposite notion in this case, specifically that it had spent large sums on rehabilitating the property. Appellant also argues that the trial court failed to address the relevant sentencing factors set forth in R.C.2929.22, which requires a court to consider a number of factors in determining a misdemeanor sentence.
 {¶ 15} We have previously recognized that R.C. 2929.22 places a mandatory duty on the trial court to consider the factors set forth in the statute, and the failure to do so constitutes an abuse of discretion. City of Cleveland v. Cuyahoga Lorain Corp., Cuyahoga App. No. 82823, 2004-Ohio-2563. The factors to be considered in misdemeanor sentencing include: "the risk that the offender will commit another offense and the need for protecting the public from the risk; the nature and circumstances of the offense; the history, character, and condition of the offender and the offender's need for correctional or rehabilitative treatment * * * and the ability and resources of the offender and the nature of the burden that payment of a fine will impose on the offender." R.C. 2929.22(A). The statute requires only a consideration of the factors; it does not require any findings to be made on the record.
 {¶ 16} In its appellate brief, appellant focuses on the considerations made by the trial court in considering the motion to mitigate. Appellant ignores the considerations made by the trial court in the judgment entry dated March 27, 2003. In that entry, the trial court, although not required, detailed its considerations, as set forth in the above facts, and imposed a $9,000 fine, while deferring consideration of the remaining $11,000 pending completion of all repairs, at which time the court would consider mitigating factors. The court then considered a number ofadditional factors upon entertaining mitigation. However, because of the continued delays in correcting the violations and the inherent profit made by such delays, the trial court declined to mitigate the fine and ordered execution of the entire $20,000 fine. Upon our review of this case, we find the record supports a finding that the trial court made the required considerations in sentencing appellant.
 {¶ 17} We recognize that appellant made substantial repairs to the subject property. However, it is the failure of appellant to correct code violations that is at issue in this case. Appellant continued to delay correction of the violations. Appellant was cited in October 2000. After two years, a plea agreement and order were entered pursuant to which appellant was fined $20,000 and a final status date was set, at which time the upper dormer area had not yet been completed. In its journal entry dated March 27, 2003, the trial court gave appellant the opportunity to correct the outstanding violation and indicated that it would consider mitigating factors. Over six months passed without this repair being completed. Not until after the court proceeded with a judgment entry in November 2003 did appellant finally correct all violations. While the renovations being made to the property were a mitigating factor that the court considered, this factor did not overcome the continued delays in correcting code violations.
 {¶ 18} A trial court has broad discretion when sentencing a defendant in a misdemeanor case, and a sentence will not be reversed absent an abuse of discretion. State v. Nite Clubs of Ohio, Inc., Mahoning App. No. 03 MA 20, 2004-Ohio-4989; City of Rocky River v. Burke, Cuyahoga App. No. 78578, 2002-Ohio-1651. As long as the sentence imposed is within the limits prescribed by law and the record reveals that the trial court considered the statutory criteria, a trial court does not abuse its discretion. State v. McWhorter, Ross App. No. 01CA2619, 2002-Ohio-986, citing Toledo v. Reasonover (1965), 5 Ohio St.2d 22, paragraph one of the syllabus; City of Rocky River, supra. Further, a trial court's evaluation of mitigating factors, and the weight to be given thereto, falls within the trial court's sentencing discretion. State v. Bey, 85 Ohio St.3d 487,1999-Ohio-283.
 {¶ 19} Upon our review of this case, we conclude the trial court did not abuse its discretion in sentencing appellant.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Celebrezze, Jr., J., Concur.
[1] We note that appellant's notice of appeal is from the court's entry dated March 24, 2004, which we consider to be a final appealable order in this matter.