OPINION *Page 2 
{¶ 1} The defendant-appellant, Idabelle R. Tripp ("Tripp"), appeals the April 13, 2006 Judgment Entry finding Tripp guilty of Bloomville Village Ordinance 521.08, a minor misdemeanor in the Tiffin Municipal Court, Seneca County, Ohio.
 {¶ 2} On February 22, 2006, Tripp was sent a letter by registered mail from Bloomville Mayor Barbara Jacoby concerning the condition of Tripp's residence at 14 West New Haven Street, in the village of Bloomville, Ohio. The village was concerned about the garbage, trash, and junk vehicles located on the premises. In the letter, Tripp was permitted to clean up the property and have the items removed by March 8, 2006.
 {¶ 3} On March 21, 2006, Mayor Jacoby signed a complaint alleging that Tripp had violated Bloomville Village Ordinance 521.08. Bloomville Village police officer, Damien Hill, personally served Tripp at her residence on March 23, 2006. He testified that he observed the condition of the premises at the time the complaint was served. Furthermore, he stated that "I noticed a tarp out in front of the house, a bunch of building supplies, probably, underneath it. I noticed, uhm, a clutter of different amounts of stuff upon top of the porch, a couple cars in the driveway. And, basically, the drive was cluttered up a bit." *Page 3 
 {¶ 4} On April 5, 2006, Bloomville Village police officer, Joseph Artino, took five photographs of the conditions of the residence and surrounding property. The photographs were admitted into evidence and considered by each of the witnesses. Each witness testified as to their observations of the premises at 14 West New Haven Street, Bloomville, Ohio.
 {¶ 5} On April 13, 2006, the matter came on for trial and Tripp filed a motion to dismiss for the reason that the complaint failed to charge an offense. The trial court denied the motion to dismiss, finding that the complaint adequately put Tripp on notice of her violation. The Bloomville Village presented the testimony of Mayor Jacoby, Officer Artino and Officer Hill. Tripp presented no evidence but relied upon timely motions for a judgment of acquittal. The trial court denied the motions and orally commented on the evidence and the law before announcing its decision that Tripp was guilty of violating Bloomville Village Ordinance 521.08.
 {¶ 6} On May 12, 2006, Tripp filed her notice of appeal raising the following assignments of error:
 Assignment of Error I AS A MATTER OF LAW THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO THE DEFENDANT-APPELLANT BY DENYING HER MOTION FOR JUDGMENT OF ACQUITTAL AT THE CONCLUSION OF THE PROSECUTION'S CASE AND AFTER THE *Page 4 DEFENDANT RESTED WITHOUT OFFERING TESTIMONY NOR EVIDENCE.
 Assignment of Error II DEFENDANT WAS DENIED A FAIR TRIAL AND THUSLY DUE PROCESS OF LAW WHEN THE TRIAL COURT, CLEARLY PARTIAL TO THE PROSECUTION, USED AS WRONGFUL EVIDENCE TO CONVICT HER HIS (sic) PAST KNOWLEDGE OF HER PRIOR PROSECUTIONS FOR THE SAME OFFENSE IN HIS (sic) COURT
 {¶ 7} Tripp asserts in her first assignment of error that the trial court committed prejudicial error by denying her motions for judgment of acquittal at the conclusion of the prosecution's case and after she rested. Specifically, she argued that there was no proof presented that she was the owner of the property or controlled the premises. She also argued that Bloomville Village did not present adequate evidence of the condition of the premises on March 21, 2006, the date listed on the complaint. Furthermore, she contended that there was no proof of "damage or prejudice to the public."
 {¶ 8} Crim.R. 29(A) provides,
 The court on motion of a defendant or on it's own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses.
 {¶ 9} A trial court should not grant a Crim.R. 29 motion for acquittal if "reasonable minds can reach different conclusions as to whether each material *Page 5 
element of a crime has been proved beyond a reasonable doubt * * *."State v. Bridgeman (1978), 55 Ohio St.2d 261, 263, 381 N.E.2d 184
(applying the standard set forth in State v. Swiger (1966),5 Ohio St.2d 151, 214 N.E.2d 417, for Crim.R. 29(A) motions for acquittal). However, this Court has previously held that the Bridgeman standard "must be viewed in light of the sufficiency of evidence test[.]" State v.Foster (Sept. 17, 1997), Seneca App. No. 13-97-09 (citing State v.Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus). Thus, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jenks, 61 Ohio St.3d at paragraph two of the syllabus.
 {¶ 10} Village of Bloomville Ordinance 521.08(c), the ordinance at issue in this case, states in pertinent part:
 This section shall be known and may be cited as the Village of Bloomville Nuisance Abatement Ordinance.
 * * *
 (c) No person shall cause or allow litter to be collected or remain in any place to the damage or prejudice of others or of the public, or unlawfully obstruct, impede, divert, corrupt, or render unwholesome or impure, any natural watercourse. * * *
 {¶ 11} In this case, Tripp moved for a judgment of acquittal based upon the insufficiency of the evidence. Specifically, she argues that the State failed to establish that Tripp had ownership or control over the property or produce any *Page 6 
other evidence establishing that she caused or allowed litter to be collected or remain.
 {¶ 12} We note at the outset that the ownership or control of the property is not an element of the offense. Rather, it appears that in this instance, the State attempted to circumstantially establish a prima facie case that Tripp allowed the litter to collect or remain, by showing that she had ownership or control over the property.
 {¶ 13} Thus, Mayor Jacoby testified that she sent a letter to Tripp's residence at 14 West New Haven Road Street by certified mail. In addition, Officer Hill testified that he personally served Tripp a copy of the complaint on March 23, 2006 at the residence. Furthermore, Tripp responded to the prosecution's request for discovery with a list of witnesses that listed two sons and a daughter who all resided at the above mentioned address.
 {¶ 14} In the absence of any evidence to the contrary in the record, we conclude that the foregoing evidence was sufficient for the trier of fact to reasonably infer that Tripp "caused or allowed" the litter to be collected or remain on this property.
 {¶ 15} Tripp also alleged that the village did not present adequate evidence of the condition of the premises on March 21, 2006, the date listed on the *Page 7 
complaint. Officer Hill testified as to his observations of the premises on the date that he served the complaint, March 23, 2006,
 Q: And, Officer Hill, what observations did you make when you went to the residence?
 A: Upon walking up the sidewalk after parking my cruiser in front of the house I noticed a tarp out in front of the house, a bunch of building supplies, probably, underneath it. I noticed, uhm, a clutter of different amounts of stuff up on top of the porch, a couple cars in the driveway. And, basically, the drive was cluttered up a bit.
 * * *
 Q: Officer, now, I'm handing you what's been marked Exhibit — Village 1 through 5 for identification purposes. Can you tell me what those are, if you know?
 A: These are pictures of the house at 13 West New Haven Street.
 Q: And do these photographs accurately depict what you observed when you went to the residence?
 A: That's correct. And a little worse since the day I went to serve notice.
 Q: Can you tell us what has changed in each of those, if you know, on the day that you served —
 A: Uhm, siding on the house is definitely missing. The porch, from the picture you can't really see as much clutter as there was so that's probably a better thing. And, the yard just looks like there's a lot more debris thrown — or strewn about the yard.
April 13, 2006 Trans. p. 20-21. In addition, Officer Artino testified as to his observations when he took the photographs on April 5, 2006. Specifically, he testified about the debris and vehicles that were strewn about on the premises. Furthermore, Mayor Jacoby testified that she had observed the property and the condition of the property and identified the photographs. Seeing that the *Page 8 
testimony of the Mayor and both officers is consistent in describing the area around Tripp's residence and drive as containing debris and junk vehicles, it is clear that the prosecution did present adequate evidence from which the trier of fact could reasonably infer the condition of the premises on or about March 21, 2006.
 {¶ 16} Tripp also argued that there was no proof of "damage or prejudice to the public." However, it is apparent from the testimony that the "litter" is prejudicial to the public because there is concern within the community about the condition of Tripp's premises. The testimony of Mayor Jacoby and the two officers as well as the photographic evidence provide sufficient self-evident proof to establish that "damage or prejudice to the public" has occurred.
 {¶ 17} After reviewing the trial transcript and the evidence presented therein, we find that the trial court did not err in overruling Tripp's motion for a Crim.R. 29 acquittal. We believe that the evidence of "nuisance" was certainly established in the prosecution's case in chief to the point that reasonable minds could reach the conclusion that each element of the crime had been proven beyond a reasonable doubt. Therefore, Tripp's first assignment of error is overruled.
 {¶ 18} Tripp alleges in her second assignment of error that she was denied a fair trial and due process of law. Specifically, she contends that the trial court in *Page 9 
this case was not impartial and was biased towards the prosecution because of her past dealings with the trial court.
 {¶ 19} In Graham v. Audio Clinic, 3rd Dist. No. 5-04-35,2005-Ohio-1088, this Court discussed the only proper way to disqualify a municipal court judge:
 The exclusive means by which a litigant may seek disqualification of a municipal court judge is set forth in R.C. 2701.031. See State v. Hunter, 151 Ohio App.3d 276, 783 N.E.2d 991, 2002-Ohio-7326, ¶ 17, citations omitted. R.C. 2701.031 provides in pertinent part, that:
 (A) If a judge of a municipal or county court allegedly * * * has a bias or prejudice for or against a party to a proceeding pending before the judge * * * any party to the proceeding * * * may file an affidavit of disqualification with the clerk of the court in which the proceeding is pending.
 * * *
 (E) If the clerk of a municipal or county court accepts an affidavit of disqualification * * * and if [the presiding judge of the court of common pleas of the county in which the affidavit was filed] is notified * * * of the filing of the affidavit [and] * * * determines that the interest, bias, prejudice, or disqualification alleged in the affidavit exists, the [presiding] judge [of the court of common pleas] * * * shall issue an entry that disqualifies the judge against whom the affidavit was filed from presiding in the proceeding and designate another judge * * * to preside in * * * place of the disqualified judge. (Emphasis added.)
Specifically, the defendant in Graham failed to comply with the statutory requirements by failing to file an affidavit of disqualification with the clerk of the municipal court. In conclusion, this Court ruled that since he had failed to comply *Page 10 
with the statutory requirements, he also failed to preserve the issue for appeal. See State v. Hunter, 151 Ohio App.3d 276, 783 N.E.2d 991,2002-Ohio-7326, ¶ 21.
 {¶ 20} In this case, the record reflects the following regarding past dealings between the trial court and Tripp:
 The Court: Well, the standard again (Inaudible) or, allow the litter to accumulate. The Court, uhm, having dealt with Ms. Tripp in this court before on the same allegation, uhm, the Court does find that based upon the allegations the, testimony that we've had here today, based again by Mayor Jacoby and by Mr. Artino, that there has been a showing, uhm, beyond a reasonable doubt that Ms. Tripp did allow this accumulation to, uhm, exist at 14 East — or West New Haven Street, Bloomville, Seneca County, Ohio and she is hereby found guilty. (Emphasis added.)
April 13, 2006 Trans. p. 29. While the coincidental reference to past dealings is perhaps improvident, the remaining language of the trial court clearly establishes that the decision in this instance is based upon the testimony presented at the trial on April 13, 2006. Moreover, pursuant to the plain language of R.C. 2701.031(E), supra, the authority to pass upon the disqualification of a municipal court judge exclusively vests in the presiding judge of the Court of Common Pleas of the county in which the affidavit of disqualification was filed. Therefore, even if the issue were properly presented for our review, this Court has no jurisdiction or authority to vacate a trial court's judgment regarding an appellant's claim of judicial bias. See State v. Hunter,151 Ohio App.3d 276, 783 N.E.2d 991, 2002- *Page 11 
Ohio-7326, ¶ 21, citing Beer v. Griffith (1978), 54 Ohio St.2d 440,377 N.E.2d 775. Accordingly, Tripp's second assignment of error is overruled.
 {¶ 21} For the foregoing reasons, the April 13, 2006 Judgment finding Tripp guilty of Bloomville Village Ordinance 521.08, a minor misdemeanor, in the Tiffin Municipal Court, Seneca County, Ohio, is affirmed.
Judgment Affirmed.
 GEORGE, J., CONCURRING SEPARATELY. ROGERS, P.J., DISSENTS.
(* Sitting by Assignment: Judge Joyce J. George, Retired, of the Ninth District Court of Appeals.)