JOURNAL ENTRY AND OPINION
{¶ 1} After pleading no contest to a fourth-degree misdemeanor charge of disorderly conduct in Cleveland Municipal Court, defendant-appellant Patrick Jurco appeals from the sentence imposed.
 {¶ 2} Jurco presents five assignments of error. He argues his sentence is improper because the trial court: 1) considered conduct that related to the original charge rather than the one to which he entered his plea; 2) neither permitted him to proffer "mitigation" evidence nor considered that evidence; 3) imposed a longer sentence than the one it first pronounced; and, 4) imposed a disproportionate term for the offense. *Page 2 
 {¶ 3} Following a review of the record, however, this court considers none of Jurco's arguments persuasive. His sentence, accordingly, is affirmed.
 {¶ 4} The record reflects a complaint was filed in the trial court against Jurco that originally charged him with domestic violence in violation of R.C. 2919.25, a first-degree misdemeanor. Jurco pleaded not guilty.
 {¶ 5} Subsequently, however, Jurco agreed to enter a no contest plea to the amended complaint. As amended, the charge was changed to disorderly conduct in violation of R.C. 2917.11(A)(2), a fourth-degree misdemeanor. A transcript of this plea hearing is not in the record on appeal, but the record reflects the trial court accepted Jurco's plea and found him guilty.
 {¶ 6} Jurco's case was called for sentencing on August 30, 2006. The trial court indicated it had reviewed the presentence report, and was aware of the inaccuracies it contained. Although the court permitted defense counsel to present argument on his client's behalf in "mitigation," the court refused to permit counsel either to introduce or to proffer into evidence the "victim's" confidential medical records, and further refused to consider these records.
 {¶ 7} The trial court listened to Jurco's apologies for his behavior, then sentenced him to a term of thirty days in jail and imposed the maximum fine of $250.
 {¶ 8} Initially, the trial court stated it was suspending "21 days and give [Jurco] credit for the four days that [he had] already served." The court explained, *Page 3 
"It's only five days * * * hanging over your head, but you're then * * * going to serve a period of active Probation * * * for one year." After outlining the conditions of that intended probation, however, the court noticed it misstated its intent.
 {¶ 9} In order to "clarify the sentence in this matter," the court noted that Jurco originally was charged with domestic violence, which carried "up to six months in jail, and a fine up to $1,000[,]" but the charge was amended to disorderly conduct. That offense carried a fine of up to $250 and a "period of incarceration of up to 30 days." Jurco already had served four days in jail. The court at first "thought it was appropriate for [him] to go off and serve those thirty days," but having considered the matter, the court decided Jurco should "receive anger management, domestic violence counselling [sic] and also to have an assessment for any possible issues of abuse. For that reason, you're going to serve a period of 25 days total with five days hanging over your head."
 {¶ 10} The court stated Jurco would then be placed on active probation for a year. If he completed the probation successfully, then he would not have to serve the "additional five days." The court added, "[I]t may not sound like much, but that's all that I can do," since the conviction carried a maximum term of only 30 days.
 {¶ 11} At the conclusion of the sentencing hearing, the trial court repeated the sentence imposed. Jurco was sentenced to thirty days in jail, with credit for time *Page 4 
served; five days of that term were suspended, and he was placed on one year of active probation.
 {¶ 12} The trial court signed the journal entry of sentence on August 30, 2006. Although Jurco's subsequent motions to stay execution of his sentence were denied, he filed his notice of appeal of his sentence in a timely manner. Since this appeal was set for hearing on July 31, 2007, Jurco has not completed his probationary period; therefore, this appeal cannot be deemed moot. Cf., State v. Pompei (Oct. 25, 2001), Cuyahoga App. No. 79541; State v. McKinney, Montgomery App. No. 20821,2005-Ohio-5234.
 {¶ 13} Jurco presents the following assignments of error:
 "I. The Trial Court erred in sentencing Defendant for conduct and an offense to which Defendant did not admit.
 "II. The Trial Court erred in refusing to hear proffered information in mitigation.
 "III. The Trial Court erred in refusing the Defense request to proffer.
 "IV. The Trial Court erred in resentencing Defendant after it had already sentenced and remanded Defendant.
 "V. The Trial Court was unfair, unreasonable, arbitrary and disproportionate in sentencing Defendant to twenty-five days of jail for a disorderly conduct, noise offense." *Page 5 
 {¶ 14} In his first, second, third and fifth assignments of error, Jurco argues the trial court's sentence of the full term of thirty days in jail for his fourth-degree misdemeanor conviction, with only five days suspended, amounts to an abuse of its discretion. He does not claim either that his conviction is improper, or that a year of community control sanctions was oppressive.
 {¶ 15} In presenting his argument, Jurco claims that the trial court considered that he committed the offense for which he was cited, rather than the offense to which he entered his plea. At the same time, however, Jurco complains that the trial court refused to permit him to present information that tended to discredit the victim of that original offense.
 {¶ 16} He called the information he sought to present "mitigation," but his complaint contradicts his argument. Since Jurco was convicted of violation of R.C. 2917.11(A)(2), which prohibits disorderly conduct by making unreasonable noise or offensive utterance, the community at large is the "victim" of the offense. Thus, the medical records of a mere witness are irrelevant.
 {¶ 17} The trial court, quite rightly, recognized the inconsistency between his positions. The record supports the trial court's handling of the matter.
 {¶ 18} The trial court enjoys broad discretion in imposing sentence on a misdemeanor offense. Maple Heights v. Sweeney, Cuyahoga App. No. 85415, 2005-Ohio-2820, f7. When the sentence is within statutory limits, the trial court is *Page 6 
presumed to have considered the required factors. Id., ¶ 8; State v.Dominijanni, Wood App. No. WD-02-008, 2003-Ohio-792, ¶ 6.
 {¶ 19} R.C. 2929.22(B)(1) obligates the trial court to consider, inter alia, the "nature and circumstances of the offense," whether those circumstances indicate the offender has a "history of persistent criminal activity," whether "the offender's history, character, and condition reveal * * * that the offender's conduct has been characterized by a pattern of repetitive, compulsive or aggressive behavior with heedless indifference to the consequences," and, "whether the offender is likely to commit future crimes in general."
 {¶ 20} It is clear from the record in this case that the trial court fulfilled its statutory duties. The court permitted defense counsel to argue that the circumstances indicated some provocation led to Jurco's behavior, but simply declined to consider "confidential medical records about a victim that don't have [anything] to do with the date in question." This decision does not constitute error. See, e.g., State v.Hicks (Dec. 29, 1997), Ross App. No. 97 CA 2292.
 {¶ 21} The court acknowledged the proper consideration for misdemeanor sentencing, listened to Jurco's apology for his inappropriate behavior, and noted he had engaged in such behavior on more than one occasion. The court is entitled to consider the offender's other arrests and charges in determining the most *Page 7 
efficacious sanction to impose. Maple Heights v. Dickard (1986),31 Ohio App.3d 68.
 {¶ 22} Since the record does not support a conclusion the trial court abused its discretion in its consideration of the sentence to impose, Jurco's first, second, third and fifth assignments of error are overruled.
 {¶ 23} Jurco argues in his fourth assignment of error that the trial court acted improperly in "resentencing" him after stating he was "remanded." The record, however, demonstrates the trial court simply misspoke its intent. Prior to the conclusion of the sentencing hearing, the court reiterated its actual intent, viz., to have "five days hanging over [his] head" of the term of thirty days in jail while Jurco remained on a year of community control sanctions.
 {¶ 24} The court, therefore, did not "modify" an imposed sentence, since a sentence is not "imposed" until it actually is journalized.State v. Middleton, Preble App. No. CA2004-01-003, 2005-Ohio-681, ¶ 9;State v. Harris (1981), 2 Ohio App.3d 48.
 {¶ 25} For that reason, Jurco's fourth assignment of error also is overruled.
 {¶ 26} Jurco's sentence is affirmed. It is ordered that appellee recover from appellant costs herein taxed. The court finds there were reasonable grounds for this appeal. *Page 8 
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 1