JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant Joseph Hardy, Jr., appeals from a judgment of the Cleveland Municipal Court that affirmed a magistrate's decision which ordered him to vacate premises titled to his sister, plaintiff-appellee Rosa Lee Hardy. In two pro se assignments of error, Hardy argues that the court failed to consider pretrial motions seeking discovery and that the court should have disqualified the trial judge and transferred this matter to the court of common pleas. We find no error and affirm.
 {¶ 2} Hardy's sister filed a complaint in forcible entry and detainer seeking to have Hardy removed from a house that she shared with him. Hardy filed a counterclaim in which he stated that he lived at the house "more often than not," but that the sister changed the locks in 2004 and did not give him a key to the premises. He claimed that despite years of helping his sister, his brother was exerting undue influence over the sister (who he alleged was bipolar) to have the house placed in his name.
 {¶ 3} Findings of fact issued by the magistrate show that the premises had been titled to Hardy's mother, but that in 2002, the mother conveyed the property by deed to Hardy's sister. Hardy and his sister lived together at the premises, but on March 9, 2007, she served him with a notice of eviction. Hardy opposed the forcible entry and detainer action by claiming that his sister had exercised undue influence over their mother in order to persuade her to transfer the property. Asserting that he *Page 4 
was an heir to his mother's estate at the time of the transfer, he argued that he could not be evicted because he had color of title[1]
and that the deed transfer from his mother to his sister should be invalidated because the mother was incompetent to effect the transfer. He sought discovery of his mother's medical records in order to prove her incompetency at the time she transferred the deed to the sister.
 {¶ 4} The magistrate found that Hardy did not have color of title merely because he was his mother's heir at the time she transferred the deed to the sister. The magistrate found that Hardy had to show a "present" right of title and that Hardy's status as an heir at the time of the transfer was immaterial to the question of his right to title at the time his sister filed the eviction action. At no point prior to this action did Hardy challenge the transfer of the deed to the sister, nor did he offer any evidence of his mother's incompetency apart from his recollection that she acted "childlike" when he saw her in 2002. Finally, the magistrate concluded that a power of attorney the mother granted to Hardy in 1999 did not affect her ability to transfer the deed to the sister in 2002.
 {¶ 5} Hardy objected to the magistrate's decision on grounds that the sister's attorney did not file a notice of appearance and that there was evidence of collusion *Page 5 
by the sister to defraud the mother. The court overruled the objections and approved the magistrate's decision.
 I {¶ 6} The first assignment of error complains that the court erred by failing to consider appellant's pretrial motions for discovery.[2]
Hardy wished to engage in discovery in order to determine his mother's mental status at the time she transferred the deed to his sister.
 {¶ 7} "The underlying purpose behind the forcible entry and detainer action is to provide a summary, extraordinary, and speedy method for the recovery of [the] possession of real estate * * *." State ex rel. GMSMgt. Co., Inc. v. Callahan (1989), 45 Ohio St.3d 51, 55. The purpose of the forcible entry and detainer statute "is to provide immediate possession of real property." Hous. Auth. v. Jackson (1981),67 Ohio St.2d 129, 131. The drafters of the statute "were careful to avoid encrusting this special remedy with time consuming procedure tending to destroy its efficacy." *Page 6 
Id. Because of the summary nature of forcible entry and detainer actions, "[e]xtensive discovery is contrary to the very purpose of the forcible entry and detainer statute." Cuyahoga River Assocs. Ltd.Partnership v. MJK Corp. (Jan. 18, 1996), Cuyahoga App. No. 68673.
 {¶ 8} The court did not err by adopting the magistrate's decision. As the magistrate noted, Hardy did not file a proper request for discovery. His motion "to disclose medical primary physicians records and office recorded visits and files," offered no evidence apart from his recollection that in 2002, his mother "seemed childlike when he met [with] her." Standing alone, this recollection did not warrant a delay in the summary and speedy nature of the forcible entry and detainer action. Moreover, the magistrate correctly noted that Hardy did not take any action to invalidate the deed transfer at the time it occurred, nor did he take action to contest the deed transfer at an earlier date. We therefore conclude that the court did not abuse its discretion by approving the magistrate's decision to deny Hardy's request for discovery.
 II {¶ 9} Hardy's second assignment of error complains that the court erred by refusing to transfer the matter to the court of common pleas and by refusing to disqualify itself pursuant to R.C. 2101.39. He claimed in his affidavit of disqualification that bias existed because the same trial judge had presided over a *Page 7 
1999 forcible entry and detainer action concerning the same premises, filed against him by his brother as their mother's agent.
 {¶ 10} Hardy's citation to R.C. 2101.39 is not on point because that statute relates specifically to probate judges. R.C. 2701.031(A) provides for the disqualification of a municipal or county court judge and states as grounds for disqualification (1) an interest in the proceeding before the judge, (2) bias or prejudice against a party or counsel, or (3) any other reason supporting disqualification. R.C.2701.031(E) grants the court of common pleas the sole authority to rule on motions for the disqualification of municipal court judges.
 {¶ 11} Because the court of common pleas has the sole authority to pass upon the disqualification of a municipal court judge, we have no jurisdiction to consider any claimed error relating to the court of common pleas' refusal to disqualify a municipal court judge. SeeState v. Tripp, Seneca App. No. 13-06-17, 2007-Ohio-1630 at [20, citingState v. Hunter, 151 Ohio App.3d 276, 2002-Ohio-7326, ¶ 21. The assigned errors are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. *Page 8 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J., and MARY EILEEN KILBANE, J., CONCUR.
[1] The magistrate cited to our decision in Williams v. Gordon (1949), 53 Ohio Law.Abs. 464, for the proposition that summary eviction proceedings are unavailable to those who occupy property with "color of title," but that to prevail on such a claim, the defendant must show that there is a bona fide controversy as to title.
[2] Hardy's first assignment of error contains a list of errors, among them being "waiving certificate of service, interrogatories, notice of counsel, affidavits, unmarked exhibits for pending trial, hearing on affidavit of poverty to bond hearing without court reporter or audio recorder, and the motion for production of documents and testing Civ. Rule 34, supplement to Civ.R. 52 to Civ.R. 53(E)(4)(c). There was no electronic signature waiver." Most of these were not raised in objections to the magistrate's decision as required by Civ.R. 53(D)(3)(b), so they are waived on appeal. See Civ.R. 53(D)(3)(b)(iv) ("Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).") *Page 1