[Cite as *State v. Hoopingarner*, 2011-Ohio-3040.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | JUDGES:<br>Sheila G. Farmer, P.J.<br>John W. Wise, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
| -vs- | : | Case No. 10AP080030 |
| GARY HOOPINGARNER | : | O P I N I O N |
| Defendant-Appellant | | |

CHARACTER OF PROCEEDING:        Criminal Appeal from Tuscarawas
County Court Case No. CRB0900585

JUDGMENT:        Affirmed

DATE OF JUDGMENT ENTRY:        June 14, 2011

APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

R. SCOTT DEEDRICK        DAVID L. BLACKWELL
Special Prosecutor,        3405 Curtis Road, S.E.
Village of Dennison        New Philadelphia, Ohio 44663
125 East High Avenue
New Philadelphia, Ohio 44663

*Edwards, J.*

{¶1} Appellant, Gary Hoopingarner, appeals a judgment of the Tuscarawas County Court convicting him of violation of a protection order (R.C. 2919.27(A)(1)) upon a plea of no contest and sentencing him to 180 days incarceration. Appellee is the State of Ohio.

### STATEMENT OF FACTS AND CASE

{¶2} On September 18, 2009, an ex parte Domestic Violence Civil Protection Order (CPO) was issued against appellant in favor of Denise Twardoski. Patrolman Matt Grezlik of the Dennison Police Department advised appellant of the existence of the CPO by telephone on September 21, 2009. In a face-to-face conversation with Chief Rob Hunt of the Dennison Police Department on September 24, 2009, appellant was advised of the existence of the CPO and the significant terms contained therein. However, appellant had not yet been served with the CPO.

{¶3} On September 27, 2009, a complaint was issued against appellant by Chief Hunt, signed by Denise Twardoski, for violation of the CPO. The complaint alleged that appellant violated the order by driving within 500 feet of Twardoski's residence, observing her at the Dennison Yard and not leaving the area, and parking within 500 feet of Twardoski's new boyfriend's residence.

{¶4} Appellant moved to dismiss the complaint on the basis that he could not be convicted of the offense when he had not been served with the complaint. The court held a hearing on the motion, at which Ptl. Grezlik and Chief Hunt both testified that they informed appellant of the existence of the CPO and its significant terms prior to the alleged violation. The trial court overruled the motion to dismiss, finding that appellant

had knowledge of the order before the date of the alleged offense, which was sufficient to prove a violation of R.C. 2919.27, as the statute only requires proof that the defendant acted in reckless disregard of a known risk that the protection order likely existed. Judgment Entry, March 24, 2010. The court found that service of the order was not an element of the offense. Id.

{¶5} On March 31, 2010, appellant entered a plea of no contest and was found guilty. He assigns a single error on appeal:

{¶6} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND/OR ABUSED ITS DISCRETION WHEN IT FAILED TO FIND THE APPELLANT NOT GUILTY OF THE OFFENSE. THE TRIAL COURT'S DETERMINATION OF GUILT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶7} Appellant argues that the court's judgment finding him guilty is against the manifest weight of the evidence. Appellant pleaded no contest to the offense of violation of the CPO.

{¶8} By entering a plea of no contest, appellant is precluded from raising a manifest weight claim on appeal. *State v. Gronbach* (July 1, 1999), Fairfield App. No. 98CA73, unreported at 2, citing *State v. Wells* (Feb. 16, 1999), Warren App. No. CA98-05-057, unreported, at 1. "By entering a plea of no contest, appellant has waived certain constitutional rights, including the right to have the state prove its case beyond a reasonable doubt." *Id.,* citing *State v. Hale* (Nov. 15, 1993), Butler App. No. CA93-04-065, unreported, at 5. "The court can only weigh the evidence where the defendant has plead not guilty and evidence on both sides has been presented." *Wells* at 1, citing on *State v. McGhee* (Jan. 18, 1995), Montgomery App. No. 14515, unreported, at 2.

{¶9}   In order to obtain a conviction of a defendant who has pleaded no contest, the state must offer an explanation of the circumstances to support the charge. This explanation is sufficient if it supports all the essential elements of the offense. *Chagrin Falls v. Katelanos* (1988), 54 Ohio App.3d 157, 159, 561 N.E.2d 992, 994. A defendant who pleads no contest has a substantive right to be acquitted where the state's statement of facts fails to establish all of the elements of the offense. *Cuyahoga Falls v. Bowers* (1984), 9 Ohio St.3d 148, 150, 459 N.E.2d 532, 534-535; *State v. Gilbo* (1994), 96 Ohio App.3d 332, 337, 645 N.E.2d 69, 72.

{¶10}   The court's judgment entry of conviction and sentence states:

{¶11}   "This matter came before the Acting Judge Michael Cochran on the 31st day of March, 2010.   The Village of Dennison was represented by its Special Prosecutor/Solicitor R. Scott Deedrick The Defendant was present and was represented by Counsel, Attorney David Blackwell.   The Defendant was apprised of his/her rights and having first knowingly, intelligently and voluntarily waived said rights, the Court hereby accepts the Defendant's pleas(s) as set forth below.   Being apprised in the particulars of this matter, and the Defendant having stipulated to the findings herein without the necessity of the presentation of further evidence thereon…"

{¶12}   Therefore, it appears there was a plea hearing on March 31, 2010, at which appellant was represented by counsel and stipulated to the facts.   However, appellant ordered only a transcript of the March 19, 2010, Motion to Dismiss hearing. Because we do not have a transcript of the March 31, 2010, plea hearing, we do not know what facts appellant stipulated to in the state's explanation of the circumstances to support the charge, and we cannot find that the court erred in finding appellant guilty

based on that plea.  When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.  *Knapp v. Edwards Laboratories* (1980), 61 Ohio St. 2d 197, 199, 400 N.E.2d 384.

{¶13}  The assignment of error is overruled.

{¶14}  The judgment of the Tuscarawas County Court is affirmed.

By: Edwards, J.

Farmer, P.J. and

Wise, J. concur

_____

_____

_____

                                        JUDGES

JAE/r0225

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| GARY HOOPINGARNER | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 10AP080030 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Tuscarawas County Court is affirmed. Costs assessed to appellant.

_____

_____

_____

JUDGES