[Cite as *Cleveland v. Meehan*, 2014-Ohio-2265.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 100202

# CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

# MICHAEL MEEHAN

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2012 CRB 032364

**BEFORE:** E.A. Gallagher, J., Celebrezze, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** May 29, 2014

**FOR APPELLANT**

Michael P. Meehan, pro se
3416 West 159th Street
Suite 100
Cleveland, Ohio   44111


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Director of Law
BY:   William H. Armstrong, Jr.
Assistant Director of Law
City of Cleveland
Room 106 - City Hall
601 Lakeside Avenue
Cleveland, Ohio   44114

EILEEN A. GALLAGHER, J.:

{¶1} Defendant-appellant Michael Meehan appeals his sentence from the Cleveland Municipal Court. For the following reasons, we affirm.

{¶2} Meehan was the owner of a home located on East 130th Street in Cleveland, Ohio. On July 18, 2011, a notice of violation was issued for Meehan's property that cited 12 Cleveland ordinance violations and required Meehan to remedy the violations by August 17, 2011. On August 22, 2012, a complaint was issued charging Meehan with failing to comply with the prior notice, a misdemeanor of the first degree, as well as 12 ordinance violations due to Meehan's failure to remedy the previously noticed violations.

{¶3} On January 24, 2013, Meehan entered a plea of no contest to the complaint. Although Meehan represented to the trial court that he had remedied some of the violations, he admitted that other defects remained. The trial court reiterated Meehan's duty to remedy the outstanding violations and Meehan stated that he believed he could bring the property into compliance within 90 days. The city prosecutor indicated it would be satisfied with Meehan's proposed timetable and the trial court imposed a $4,000 fine with the caveat that if he brought the property into compliance by April 24, 2013, 90 percent of the fine would be suspended.[1]

---

[1]The trial court's original plea and sentencing entry failed to delineate the specific counts to which Meehan pleaded no contest and the associated sentences. We remanded for correction of this matter which the trial court accomplished with a detailed sentencing grid explaining that Meehan pleaded no contest to all 13 charges and detailing the specific fines associated therewith. For purposes of this appeal and the arguments presented by Meehan, it is unnecessary to delve into the individual counts and fines, the total of which amount to $4,000.

**{¶4}** The trial court held a hearing on the matter on June 13, 2013. Meehan informed the court that he had sold the property in February but did not know if the purchaser had followed through on remedying the outstanding violations. The city requested a continuance to investigate the condition of the property which the court allowed.

**{¶5}** On June 20, 2013, the city reported that the property had been boarded up three times since it had been sold in February and that no permits had been pulled by the new property owner. The court explained that although Meehan, by selling the property, had relieved himself of any future responsibility for violations involving the property, he remained responsible for the past violations. The court found that Meehan had failed to remedy the outstanding violations as contemplated at sentencing either through his own efforts or by selling the property to a "beneficial owner" that the court defined as "one that would then take it and correct the violations and be a responsible owner." As a result of Meehan's failure to meet the conditions, the court indicated its intent to execute on the full $4,000 fine. At the request of Meehan, the trial court allowed his fine to be converted to 400 hours of court work service.[2]

**{¶6}** Meehan appeals and his first assignment of error provides:

The trial court's decision in imposing Appellant's fine was improper,

arbitrary and capricious because it was based on a "beneficial owner"

---

[2] The city sought to recover $1,249.50 in costs associated with work it had performed at the property during Meehan's ownership and the trial court provided that it would reduce Meehan's hours of court work service in conjunction with any amount he paid upon the filing of a motion.

theory, put forth by the City-Appellee, which is neither defined nor referenced in the City's Housing Code Ordinances.

**{¶7}** Trial courts enjoy broad discretion in imposing sentences for misdemeanors. *State v. Hughley*, 8th Dist. Cuyahoga Nos. 92588 and 93070, 2009-Ohio-5824, ¶ 7, citing *Cleveland v. Jurco*, 8th Dist. Cuyahoga No. 88702, 2007-Ohio-4305, ¶ 18. The trial court's decision in this regard will not be disrupted absent an abuse of discretion. *Id.*, citing *State v. Frazier*, 158 Ohio App.3d 407, 2004-Ohio-4506, 815 N.E.2d 1155, ¶ 15 (1st Dist.). To constitute an abuse of discretion, the ruling must be unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶8}** The guidelines for misdemeanor sentencing are substantially similar to those applied in felony sentencing. The court must be guided by the purposes of misdemeanor sentencing, which are "to protect the public from future crime by the offender and others and to punish the offender." *See* R.C. 2929.21(A). When determining the appropriate sentence, the court must consider the factors listed in R.C. 2929.22(B), including the nature and circumstances of the offense or offenses and whether the circumstances indicate that the offender has a history of persistent criminal activity and poses a substantial risk of reoffending. *See* R.C. 2929.22(B)(1). A trial court's evaluation of mitigating factors, and the weight to be given thereto, falls within the trial court's sentencing discretion. *Cleveland v. Franklin Inn, Ltd.*, 8th Dist.

Cuyahoga No. 84576, 2005-Ohio-508, ¶ 18, citing *State v. Bey*, 85 Ohio St.3d 487, 709 N.E.2d 484 (1999).

{¶9} Meehan takes issue with the trial court's use of the term "beneficial owner," arguing that it is an undefined term in housing law and the trial court erred in imposing the full fine after he sold the property as opposed to the suspended amount. We find no merit to Meehan's argument. The trial court fully explained to Meehan both at the plea hearing and at the time of his sentencing that it was his duty to remedy the outstanding property violations. Meehan himself suggested an acceptable time frame for remedying the violations and the trial court offered to suspend 90 percent of Meehan's fine *if* he brought the property into compliance by April 24, 2013. Meehan failed to do so. The trial court explained that whether Meehan accomplished the necessary repairs himself or sold to a "beneficial owner" who made the repairs, the burden was his in order to receive the suspended fine.[3] Meehan's suspended fine was specifically conditioned upon the property being brought into compliance, not merely upon Meehan's sale of the property. Meehan offered no evidence at the third hearing to suggest that the property had been brought into compliance by the new owner or to dispute the information offered by the city.

{¶10} Although the sale foreclosed future liability for noncompliance from falling upon Meehan, it did nothing to absolve him of the charges to which he pleaded no contest

---

[3]Although uncommon, we note that this court has used the term "beneficial owner" in a similar manner. *See, e.g., Cleveland v. Go Invest Wisely, L.L.C.*, 8th Dist. Cuyahoga Nos. 95172, 95173, 95174, 95175, 95176, and 95177, 2011-Ohio-3047, ¶ 17.

or for his failure to comply with the court's fine suspension terms. Under these circumstances, we cannot say that the trial judge abused his discretion in refusing to impose the suspended fine and enforcing the full amount of the sentence.

**{¶11}** Meehan's first assignment of error is overruled.

**{¶12}** Meehan's second assignment of error states:

The trial court's sentence, based on a phantom "beneficial owner" is against

the manifest weight of the evidence.

**{¶13}** We find no merit to this assignment of error. The proper standard of review for a misdemeanor sentence is abuse of discretion, as discussed above, not manifest weight. Furthermore, a defendant who pleads no contest cannot assign as error that his conviction, based on the plea, was against the manifest weight of the evidence. *State v. Velez*, 8th Dist. Cuyahoga No. 67595, 1995 Ohio App. LEXIS 1863 (May 4, 1995); *State v. Hoopingarner*, 5th Dist. Tuscarawas No. 10AP080030, 2011-Ohio-3040, ¶ 8.

**{¶14}** Meehan's second assignment of error is overruled.

**{¶15}** Meehan's third assignment of error states:

The trial court's bias in favor of the city and against Appellant is apparent

and requires reversal.

**{¶16}** This court has no jurisdiction to consider this assignment of error. Pursuant to R.C. 2701.031(E), the presiding judge of the court of common pleas located in the county in which the municipal court resides has the exclusive jurisdiction to

consider a complaint of judicial bias. *Columbus Checkcashers, Inc. v. Guttermaster, Inc.*, 10th Dist. Franklin Nos. 13AP-106 and 13AP-107, 2013-Ohio-5543, ¶ 33; *State v. Tripp*, 3d Dist. Seneca No. 13-06-17, 2007-Ohio-1630, ¶ 19; *State v. Hunter*, 151 Ohio App.3d 276, 2002-Ohio-7326, 783 N.E.2d 991, ¶ 17 (9th Dist.); *Hardy v. Hardy*, 8th Dist. Cuyahoga No. 89905, 2008-Ohio-1925. The record reflects that Meehan has not filed an affidavit of disqualification pursuant to R.C. 2701.031(B).

{¶17} Meehan's third assignment of error is overruled.

{¶18} Meehan's fourth assignment of error states:

The Court's decision based on a phantom "beneficial owner" deprived defendant of equal protection of state law guaranteed under the 14th Amendment and due process under the 5th Amendment.

{¶19} In this assignment of error Meehan again challenges his sentence raising issues previously addressed in the first assignment of error concerning the term "beneficial owner" as well as advancing a nebulous equal protection argument against, apparently, the general concept of judicial discretion in misdemeanor sentencing.

{¶20} Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, when the issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure and, therefore, need not be heard for the first time on appeal. *Cleveland v. Taylor*, 8th Dist. Cuyahoga No. 99594, 2013-Ohio-4708, ¶ 7-8, citing *State v. Awan*, 22 Ohio St.3d 120, 489 N.E.2d 277 (1986), syllabus. Although Meehan fails to explain what statute he believes violates

the Equal Protection Clause, we note that, in any event, he failed to raise an equal protection argument below despite the trial court's clear explanation of his remedial duties at the first and second hearings.

{¶21} Because the record demonstrates that Meehan did not raise any constitutional issues concerning his sentence and the remedial duties tied to the court's offer of a partial suspension of his fine, this court declines to address this assignment of error.

{¶22} Meehan's fourth assignment of error is overruled.

{¶23} The judgment of the trial court is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
LARRY A. JONES, SR., J., CONCUR