[Cite as *Capital One Bank USA, N.A. v. Calhoun*, 2013-Ohio-274.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98743**

# CAPITAL ONE BANK USA, N.A.

PLAINTIFF-APPELLEE

vs.

# RITA J. CALHOUN

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-763129

**BEFORE:**   E.A. Gallagher, J., Stewart, A.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**     January 31, 2013

**FOR APPELLANT**

Rita J. Calhoun, pro se
25340 Easy Street
Bedford Heights, Ohio    44146


**ATTORNEY FOR APPELLEE**

Deborah A. Winslow
Shermeta, Adams & Von Allmen, P.C.
P.O. Box 5016
Rochester, Michigan    48308

EILEEN A. GALLAGHER, J.:

{¶1} In this accelerated appeal, Rita J. Calhoun appeals from the decision of the trial court granting Capital One Bank USA, N.A.'s motion for summary judgment. Calhoun argues that the trial court erred in granting the motion for summary judgment, in granting Capital One Bank's motion for protective order, and in accepting an affidavit attached to Capital One Bank's motion for summary judgment. Finding no merit to the instant appeal, we affirm the decision of the trial court.

{¶2} On August 30, 2011, Capital One Bank filed a complaint against Calhoun seeking to collect $19,099.17, which represented the principal amount of the unpaid balance due on a credit card account that Calhoun opened with Capital One Bank. Capital One Bank filed a motion for summary judgment and attached thereto a copy of the "customer agreement" of Capital One Bank, Calhoun's monthly billing statements, the terms and conditions of the credit card agreement, a balance transfer request signed by Calhoun and a two page affidavit from Dean Liverman, an authorized agent of Capital One Bank signed by Mr. Liverman on page two. Calhoun sought to depose Dean Liverman and Capital One Bank filed a motion for protective order, which the trial court granted. Calhoun opposed Capital One Bank's motion for summary judgment. In her response to the motion for summary judgment, Calhoun does not offer any evidence whatsoever. She merely challenges the authenticity of the affidavit of Dean Liverman and alleges, without more, that said affidavit was fraudulent. The trial court granted the motion, entering a judgment against Calhoun for $19,099.17 plus interest at

the applicable statutory rate from the date of judgment.

{¶3} Calhoun appeals, raising the following assignments of error:

### Assignment of Error I

The lower court errored [sic] when it granted the motion for Summary Judgment.

### Assignment of Error II

The lower court errored [sic] when it granted a protective order preventing the deposition of affiant "Dean Liverman."

### Assignment of Error III

The lower court errored [sic] when it accepted the false affidavit as true.

### Assignment of Error IV

The lower court errored [sic] when it failed to strike the false affidavit and the evidence it purported as true.

{¶4} In her second, third and fourth assignments of error, Calhoun finds error with the trial court's decision to grant an order prohibiting Calhoun from deposing Dean Liverman. Calhoun alleges error with this judgment, claiming that the affidavit is false, that Dean Liverman does not exist and that the affidavit is fraudulent because no signature appears on the first page. In putting forth these arguments, however, Calhoun fails to cite any authority in support of her claims. We note that an appellate court may disregard an assignment of error pursuant to App.R. 12(A)(2): "if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."

*Rodriguez v. Rodriguez,* 8th Dist. No. 91412, 2009-Ohio-3456. *See also Hawley v. Ritley*, 35 Ohio St.3d 157, 519 N.E.2d 390 (1988).

**{¶5}** App.R. 16(A)(7) requires that appellant include in her brief:

> An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

**{¶6}** Further, it is not the duty of an appellate court to search the record for evidence to support an appellant's argument as to any alleged error. *Id.* "If an argument exists that can support this assigned error, it is not this court's duty to root it out." *Cardone v. Cardone*, 9th Dist. Nos. 18349 and 18673, 1998 Ohio App. LEXIS 2028 (May 6, 1998).

**{¶7}** Because Calhoun failed to cite any legal authority in support of her arguments and failed to separately argue these assignments of error, we decline to review the second, third and fourth assignments of error.

**{¶8}** In her first assignment of error, Calhoun argues the trial court erred in granting Capital One Bank's motion for summary judgment. We disagree.

**{¶9}** The evidentiary materials attached to Capital One Bank's motion for summary judgment established the existence of the credit card account, Calhoun's default, the balance owed on the account, the terms of the credit card agreement and also included copies of the monthly statements of the account. These evidentiary materials were sufficient to carry Capital One Bank's burden of showing that there were no

genuine issues of material fact, and that it was entitled to judgment as a matter of law. *See also BMI Fed. Credit Union v. Burkitt*, 10th Dist. No. 09AP-1024, 2010-Ohio-3027.

{¶10} In response, Calhoun did not point to any evidentiary materials that demonstrated the existence of any genuine issues of material fact. Calhoun argued that the affidavit from Dean Liverman was false and claims error with the court's ruling protecting Liverman from her notice of deposition. However, Calhoun has not disputed that the credit card was in her name, that the monthly bills were sent to her residence, that the debts attached to the card were hers or that she failed to make the required payments on the account. In fact, Calhoun failed to submit any evidence at all disputing Capital One Bank's claims.

{¶11} In *Citibank N.A. v. Ogunduyile*, 2d Dist. No. 21794, 2007-Ohio-5166, the Second District Court of Appeals determined that a vague and general affidavit denying liability was inadequate to meet the defendant's burden on summary judgment. In this case, Calhoun failed to meet even that level of proof. *See also Discovery Bank v. Lammers*, 2d Dist. No. 08-CA-85, 2009-Ohio-3516. Accordingly, the trial court did not err in rendering summary judgment in Capital One Bank's favor on the amount of the debt that was due. Calhoun's first assignment of error is overruled.

{¶12} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this

judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
EILEEN A. GALLAGHER, JUDGE

MELODY J. STEWART, A.J., and
KENNETH A. ROCCO, J., CONCUR