[Cite as *Capital One Bank (USA), NA v. Gordon*, 2013-Ohio-2095.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98953**

## CAPITAL ONE BANK (USA), NA

PLAINTIFF-APPELLEE

vs.

## DANIELLE GORDON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Shaker Heights Municipal Court
Case No. 11 CVF 01287

**BEFORE:** Rocco, J., Jones, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 23, 2013

**FOR APPELLANT**

Danielle Gordon, pro se
3572 Lytle Road
Shaker Heights, OH 44122

**ATTORNEY FOR APPELLEE**

Deborah A. Winslow
Shermeta, Adams & Von Allmen, P.C.
P.O. Box 5016
Rochester, MI 48308

KENNETH A. ROCCO, J.:

**{¶1}** Defendant-appellant Danielle Gordon ("Gordon") appeals from the trial court's final judgment granting summary judgment in favor of plaintiff-appellee Capital One Bank (USA), NA ("Capital One"). Finding no error, we affirm.

**{¶2}** On October 11, 2011, Capital One filed a complaint against Gordon alleging that Gordon breached a credit card agreement and that Capital One was entitled to damages as a result of that breach. Capital One later filed a motion for summary judgment that the trial court granted on August 14, 2012. It is from this judgment that Gordon now appeals, setting forth one assignment of error for our review:

> I. The trial court erred when in granted the plaintiff's motion for summary judgment, because there were genuine issues of material fact.

**{¶3}** We disagree. Summary judgment rulings are reviewed de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is appropriate when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, 821 N.E.2d 564, ¶ 6.

**{¶4}** The evidentiary materials attached to Capital One's motion for summary judgment, which included copies of monthly statements of the account, established the

existence of the credit card account, the balance owed on the account, and that Gordon defaulted on that account. The evidentiary materials were sufficient to carry Capital One's burden of showing that there were no genuine issues of material fact, and that it was entitled to judgment as a matter of law. *See Capital One Bank USA, N.A. v. Calhoun*, 8th Dist. No. 98743, 2013-Ohio-274, ¶ 9 (finding summary judgment was warranted on similar facts).

{¶5} Gordon does not point to any evidentiary materials demonstrating that a genuine issue of material fact exists. She argues that the certificate of service on the motion for leave to file summary judgment bore the wrong date. But assuming that Gordon is right, it is unclear how this circumstance would create a genuine issue of material fact as to whether she breached the credit card agreement. Gordon also argues that certain documents that Capital One used in support of its motion for summary judgment were not authenticated, but she does not put forth any evidence to support this allegation.

{¶6} Importantly, Gordon does not dispute that the credit card was in her name, that the monthly bills were sent to her residence, that the debts attached to the card were hers or that she failed to make the required payments on the account. Gordon failed to submit any evidence at all disputing these claims.

{¶7} To the extent that Gordon's brief can be read to make additional points, we decline to address them, because she has failed to conform her arguments with the Rules of Appellate Procedure. Under App.R. 12(A)(2), we "may disregard an assignment of

error presented for review if the party raising it * * * fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." *See also Capital One Bank*, 2013-Ohio-274, at ¶ 4. App.R. 16(A)(7) requires that appellant include in her brief:

> An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

**{¶8}** None of Gordon's arguments in her opening brief are supported by any legal authority. In other words, even if everything that Gordon alleged in the brief were true, she does not demonstrate how these allegations would require us, under the law, to reverse the trial court's grant of summary judgment. We decline to address those arguments made by Gordon that are unsupported by legal authority. *See Capital One Bank* at ¶ 7 (declining to address assignments of error unsupported by citation to legal authority).

**{¶9}** We similarly decline to address an argument regarding state and federal debt collection law that Gordon raises for the first time in her reply brief. Gordon did not raise this issue as an assignment of error or argue it in her initial brief. Reply briefs are to be used only to rebut arguments raised in an appellee's brief, and an appellant may not use a reply brief to raise new issues or assignments of error. *Midwest Curtainwalls, Inc. v. Pinnacle, 701, LLC*, 8th Dist. No. 92269, 2009-Ohio-3740, ¶ 77, citing App.R. 16(C).

**{¶10}** For the foregoing reasons we overrule the sole assignment of error and we affirm the trial court's final judgment.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

LARRY A. JONES, SR., P.J., CONCURS;
SEAN C. GALLAGHER, J.,
CONCURS IN JUDGMENT ONLY