[Cite as *Cleveland v. Taylor*, 2013-Ohio-4708.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99594**

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## KENNETH S. TAYLOR

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2012 CRB 041664

**BEFORE:** Rocco, P.J., Kilbane, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** October 24, 2013

**FOR APPELLANT**

Kenneth S. Taylor, Pro Se
8610 Hadden Road
Twinsburg, Ohio 44087

**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Law Director
City of Cleveland
By: Victor R. Perez
Chief Prosecutor
Ashley M. Garrett
Assistant Prosecutor
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KENNETH A. ROCCO, P.J.:

{¶1} Defendant-appellant Kenneth S. Taylor, proceeding pro se, appeals from his conviction in the Cleveland Municipal Court for violating Cleveland Codified Ordinances ("CCO") 698A.01, which prohibits conduct commonly known as "scalping" tickets outside of a permitted area, a minor misdemeanor offense.

{¶2} Taylor presents ten assignments of error.[1] He argues that CCO 698A.01 violates his constitutional rights, the municipal court lacked jurisdiction over him, the citation was defective, the city failed to prove his guilt, and the trial court abused its discretion in limiting Taylor's cross-examination of the city's witness.

{¶3} After a review of the record, this court notes that Taylor failed to raise the issue of the constitutionality of CCO 698A.01 in the municipal court, so he has waived those arguments for purposes of appeal. Taylor also fails to comply with the appellate rules in presenting some of his arguments; therefore, this court declines to address them.

{¶4} As to the merits of his remaining arguments, because the citation contained the necessary information, it was not defective. The city's witness provided testimony to support the elements of the offense beyond a reasonable doubt; therefore, sufficient evidence supports Taylor's conviction. Finally, the

---

[1]Taylor's assignments of error are set forth in the appendix to this opinion.

record does not support Taylor's claim that the municipal court abused its discretion. Consequently, his assignments of error are overruled, and his conviction is affirmed.

{¶5} Taylor received his ticket citation for violating CCO 698A.01 on December 5, 2012. He entered a plea of not guilty, and his case proceeded to a bench trial on January 30, 2013. Taylor represented himself at the proceeding.

{¶6} After hearing the testimony of the city's witness, Cleveland police officer Derrick Davis, and the arguments presented by the city prosecutor and by Taylor, the municipal court found Taylor guilty of the offense. The court imposed a $100 fine and ordered Taylor to pay the costs of the proceeding.[2]

{¶7} Taylor challenges his conviction on numerous grounds. In his first, sixth, and seventh assignments of error, he argues that CCO 698A.01 violates his constitutional rights to freedom of speech and equal protection, and that the ordinance is overly broad. The Ohio Supreme Court stated the following in *State v. Awan*, 22 Ohio St.3d 120, 489 N.E.2d 277 (1986), syllabus,

Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal.

---

[2]According to the municipal court's record, Taylor has not yet paid the fine imposed upon him. Therefore, his appeal cannot be deemed moot. *See, e.g., Cleveland v. Mandija*, 8th Dist. Cuyahoga No. 97735, 2012-Ohio-5715.

**{¶8}** Because the record demonstrates that Taylor did not raise any issues concerning the constitutionality of CCO 698A.01 in the municipal court, this court need not address them. His first, sixth, and seventh assignments of error, accordingly, are overruled.

**{¶9}** In Taylor's second, fourth, ninth, and tenth assignments of error, he presents this court with no legal authority to support his arguments. This court noted as follows in *Capital One Bank USA, N.A. v. Gordon*, 8th Dist. Cuyahoga No. 98953, 2013-Ohio-2095, ¶ 7-8:

> Under App.R. 12(A)(2), we "may disregard an assignment of error presented for review if the party raising it * * * fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." * * * App.R. 16(A)(7) requires that appellant include in her brief:

> * * * An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, *with citations to the authorities, statutes, and parts of the record on which appellant relies.* The argument may be preceded by a summary.

> None of [appellant's] arguments in her opening brief [is] supported by any legal authority. In other words, even if everything that [appellant] alleged in the brief were true, she does not demonstrate how these allegations would require us, under the law, to reverse the trial court's * * * judgment. We decline to address those arguments made by [appellant] that are unsupported by legal authority. See *Capital One Bank USA, N.A. v. Calhoun*, [8th Dist. Cuyahoga No. 98743, 2013-Ohio-274] at ¶ 7 (declining to address

assignments of error unsupported by citation to legal authority).

(Emphasis added.)

**{¶10}** Based on the foregoing, Taylor's second, fourth, ninth, and tenth assignments of error are also overruled.

**{¶11}** Taylor argues in his third and eighth assignments of error that the municipal court improperly denied his motion to dismiss the city's case against him. He bases this argument on two grounds. First, Taylor contends that the city failed to provide sufficient evidence to establish the elements of the offense.

**{¶12}** When reviewing a claim of insufficient evidence,

> * * * the test is whether after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. * * *.

*State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

**{¶13}** Taylor was charged with violating the following ordinance:

**§ 698A.01  Outdoor Sales of Tickets of Admission to Sporting Events and Other Events Restricted**

(a)  Findings. The activities of vendors of tickets of admission to sporting events and other events in and near the Central Business District has caused inconvenience and annoyance to persons on their way to the events or patronizing restaurants and other businesses in the vicinity of the events. At times, pedestrians encounter a gauntlet of ticket vendors employing aggressive sales

tactics, or witness sidewalk turf disputes among ticket vendors that sometimes escalate to physical altercations. The time, place and manner restrictions imposed by this section are narrowly tailored to respond to this matter of public and governmental interest.

(b)     Offense. No person who possesses a ticket or tickets of admission to a sporting event, theater, show or other event shall, after first being warned by a law enforcement officer to desist, sell, hawk, peddle, display for sale or solicit another to purchase the ticket or tickets outdoors within the zone identified in division (c) of this section, except the parts of the zone designated as permissive ticket sales areas, for a period of six (6) hours before or during any event at the Cleveland State University Convocation Center or Gateway complex or the event regardless of venue to which the ticket or tickets pertain.

(c)   Ticket Zone Established.  The zone referred to in division (b) of this section and the permissive ticket sales areas within the zone are shown on the map and set forth by legal description both contained in File No. 961-08-A. * * * .

The Director of Public Safety may cause signs to be posted to apprise persons of the existence of the zone and permissive ticket sales areas established by this section, but the

absence of signs or any deficiency of signs shall not constitute a defense to division (b) of this section provided that the offender, in accordance with division (b), has first been warned by a law enforcement officer to desist from the proscribed conduct.

{¶14} Officer Davis testified that he was patrolling the area of East 4th Street and Prospect Avenue on December 5, 2012, prior to an event being held in the Gateway area when he observed Taylor "scalping tickets in an aggressive manner * * * out of * * * [the] designated zone." Davis explained that Taylor was "standing in the way of people on the sidewalk trying to sell * * * tickets in his hand." Davis stated that Taylor was not standing in the permissible zone. Davis also stated that he had warned Taylor "plenty of times * * * to go up to the right area," so on this occasion Davis issued the citation.

{¶15} Davis's testimony established each of the necessary elements to prove Taylor violated CCO 698A.01. *See, e.g., State v. MacDonald*, 9th Dist. Summit No. 14822, 1991 Ohio App. LEXIS 967 (Mar. 6, 1991). Therefore, the municipal court properly denied Taylor's motion to dismiss the case on this ground.

{¶16} Taylor further argues that the citation issued against him was defective, making dismissal of the case appropriate on a separate ground. This court disagrees.

{¶17} In *Cleveland Hts. v. Perryman*, 8 Ohio App.3d 443, 457 N.E.2d 926

(8th Dist.1983), this court stated as follows:

> It is not necessary that a traffic ticket contain every element of the offense charged, but "it must apprise a defendant of the nature of the charge together with a citation of the statute or ordinance violated." *Cleveland v. Austin* (1978), 55 Ohio App.2d 215, at 220 [9 O.O.3d 368] (emphasis sic). The ticket must contain sufficient language "to describe the offenses to bring it within the purview of the ordinance allegedly violated." *Id.* at 221.

{¶18} In this case, the ticket citation issued against Taylor stated that on "12-5 2012 at 2320 PM at E. 4th Prospect" he "was saling [sic] ticket outside of the certain areas of downtown business district" in violation of "Section No. 698A.01." Davis placed his name on the line for the "Officer's Signature," and the citation was duly notarized. This was sufficient to apprise Taylor of the offense. *Bellville v. Kieffaber*, 114 Ohio St.3d 124, 2007-Ohio-3763, 870 N.E.2d 697.

{¶19} Taylor's third and eighth assignments of error, therefore, also are overruled.

{¶20} In his fifth assignment of error, Taylor argues that the municipal court abused its discretion in limiting his cross-examination of Davis. The record reflects Taylor began questioning Davis about a previous citation that Davis issued to him, but the court sustained the city's objection to this line of questions.

Taylor asserts the municipal court's action prevented him from introducing impeachment evidence.

{¶21} Evid.R. 611(A) vests a trial court with the authority to

> * * * exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to 1) make the interrogation and presentation effective for the ascertainment of the truth, 2) avoid needless consumption of time, and 3) protect witnesses from harassment or undue embarrassment.

{¶22} In addition, trial courts enjoy broad discretion in admitting or excluding evidence; a reviewing court will not overturn the exercise of this discretion unless it clearly has been abused and the criminal defendant thereby has suffered material prejudice. *State v. Long*, 53 Ohio St.2d 91, 98, 372 N.E.2d 804 (1978). An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶23} Taylor made no proffer of testimony on the record pursuant to Evid.R. 103(A)(2); therefore, it is unclear what he sought to establish with his questions of Davis. In *State v. Gilmore*, 28 Ohio St.3d 190, 503 N.E.2d 147 (1986), the Ohio Supreme Court held at the syllabus as follows:

> A party may not predicate error on the exclusion of evidence during the examination * * * unless two conditions are met: (1) the exclusion of such evidence must affect a substantial right of the party and (2) the substance of the excluded evidence was made

known to the court by proffer or was apparent from the context within which questions were asked.

**{¶24}** In this case, the municipal court permitted Taylor to cross-examine Davis concerning prior incidents involving the two of them, but this court remains unable to address the correctness of the ruling Taylor challenges in light of *Gilmore*. Taylor made no proffer of evidence, and the colloquy between the municipal court and Taylor fails to establish that any abuse of discretion occurred. *Parma v. Cosic*, 8th Dist. Cuyahoga No. 76034, 2000 Ohio App. LEXIS 1366 (Mar. 30, 2000). Consequently, Taylor cannot "predicate error" on the municipal court's decision, and his fifth assignment of error is overruled.

**{¶25}** Taylor's conviction is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
TIM McCORMACK, J., CONCUR


APPENDIX

ASSIGNMENT OF ERRORS

1.   The trial court erred by violating Kenneth S. Taylor the defendant's First Amendment, rights embodied in the Fourteenth Admendment to Commercial Speech, due process, and equal protection rights by the Constitution of the United States.

2. The trial court erred by convicting Taylor when it lack jurisdiction to hear the case for failure to establish facts upon which relief can be granted.

3. The trial court erred by convicting Taylor wrongfully by failure to prove its case beyond reasonable doubt that Kenneth Taylor was Scalping In Prohibited Zone in violation of code 698A.01.

4. Trial court prejudicially erred by improper marginal denial of defendant's verbal motion to dismiss on grounds of insufficient, defective citation, where the Enforcement Officer Derrick Davis failed in his duty to provide a legal written person signature and failed to sign the sworn affidavit.

5. Judge stopped defendant's impeachment of witness.

6. Trial court erred as the defendant contends that the ordinance violates the First Amendment because it unduly restricts commercial speech insofar as it prohibits mere offers to sell tickets in public places and elsewhere.

7. Trial court erred convicting Taylor under the city's ordinance 698A.01 and violates Taylor's rights under the Equal Protection Clause because the City allows sales and offer of tickets around the Browns Stadium, but bans the mere offer of tickets and sales in and around Gateway, Quicken Loans, and Progressive Field a few blocks away, and advances no reason why law is not the same at all locations.

8. Trial court erred by convicting Taylor without any prerequisite warning to Taylor specifically to cease and desist his allege illegal activity a necessary element required by law before a citation can be issued. The trial court failed to consider the fact the crime committed under 698A.01 requires proof a warning was first given by officer to cease and desist conduct.

9. The trial court erred when it improperly denied defendant's motion to dismiss on grounds citation was defective and insufficient.

10. Trial court abused its discretion.