[Cite as *State v. Stafford*, 2026-Ohio-1378.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                               :

    Plaintiff-Appellee,              :

                                  No. 115414

v.                                                     :

TYLER STAFFORD,                          :

    Defendant-Appellant.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 16, 2026

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-24-691606-A, CR-25-700742-B,
and CR-25-701171-A

---

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha L. Forchione, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Thomas T. Lampman, Assistant Public Defender, *for appellant*.

EMANUELLA D. GROVES, P.J.:

{¶ 1} Defendant-appellant Tyler Charles Stafford ("Stafford") appeals from his guilty plea to having weapons while under disability in violation of R.C. 2923.13(A)(2). For the reasons that follow, we affirm.

**Factual and Procedural History**

{¶ 2} In June 2025, Stafford entered into a plea agreement with the State under Cuyahoga C.P. Nos. CR-24-691606-A, CR-25-700742-B, and CR-25-701171-A (respectively, "CR-24-691606," "CR-25-700742," and "CR-25-701171").

{¶ 3} Relevant to this appeal, in CR-24-691606, Stafford pleaded guilty to having weapons while under disability pursuant to R.C. 2923.13(A)(2), a felony of the third degree, and the State dismissed the remaining counts. The State alleged that at the time of the offense, Stafford was under indictment in Summit County for involuntary manslaughter and therefore, was not permitted to possess a firearm.[1]

{¶ 4} In CR-25-700742, a 15-count indictment, Stafford pleaded guilty to five counts, including failure to comply with the order or signal of a police officer, obstruction of official business, vandalism, tampering with evidence, and drug possession. The State dismissed the remaining ten counts.

{¶ 5} In CR-25-701171, Stafford pleaded guilty to felonious assault with a one-year firearm specification, and the State dismissed the remaining count.

---

[1] Stafford's counsel acknowledged that his client was indicted for voluntary manslaughter but notified the court that the case was subsequently tried and Stafford was convicted of a misdemeanor assault.

{¶ 6} The court proceeded to sentencing on all cases immediately after the plea, imposing nine months on the having-weapons-while-under-disability charge in CR-24-691606, and additional penalties on the remaining charges resulting in an aggregate sentence of 16 years in prison.

{¶ 7} The trial court reconvened in July 2025 for a hearing. The trial court explained that it agreed to delay journalizing the sentences in each case to allow the defense to submit case law regarding the mandatory consecutive sentence for failure to comply with the order or signal of a police officer. The parties informed the court that they agreed that the consecutive sentence for a violation of R.C. 2921.331 only applied to that count and did not mandate consecutive sentences on the other charges. The trial court then imposed nine months on the having-weapons-while-under-disability charge. The aggregate sentence on all charges was 15 years, 9 months in prison.

{¶ 8} Stafford appeals raising the following assignments of error for our review.

### Assignment of Error No. 1

It was plain error to allow Stafford to plead guilty to a crime, which this court had already held facially unconstitutional.

### Assignment of Error No. 2

Advising Stafford to plead guilty to an unconstitutional offense was ineffective assistance.

{¶ 9} In this appeal, Stafford's sole challenge is to his conviction under CR-24-691606 for having weapons while under disability pursuant R.C. 2923.13(A)(2); therefore, we confine our review to that conviction.

{¶ 10} Stafford argues that because of this court's decision in *State v. Philpotts*, 2025-Ohio-1179 (8th Dist.), which found R.C. 2923.13(A)(2) facially unconstitutional, the trial court plainly erred when it accepted his plea and his trial counsel committed ineffective assistance by advising him to enter the plea. The State points out that *Philpotts* was stayed by the Ohio Supreme Court; and therefore, the opinion had no precedential value at the time Stafford entered his plea. Further, the State argues that Stafford voluntarily, intelligently, and knowingly entered his plea, thus the conviction should not be reversed.[2]

{¶ 11} When a party fails to object to an error at the trial-court level, they are limited to arguing plain error on appeal. *State v. Bouyer,* 2023-Ohio-4793, ¶ 62 (8th Dist.). In order to establish plain error, the appellant has the burden of establishing that (1) an error occurred; (2) the error was obvious; and (3) but for the error the outcome of the proceeding would be different. *Id.* Further, it is generally recognized that an appellate court should be cautious when finding plain error, and only do so when reversal is necessary to correct a manifest miscarriage of justice. *Id.*

---

[2] The State also challenges our holding in *Philpotts*. We note that Stafford's arguments on appeal do not challenge the constitutionality of R.C. 2923.13(A)(2), but challenge whether the *Philpotts* decision should have been considered when the court accepted his plea and when his counsel advised him about the plea. As it will be discussed, consideration of *Philpotts* was not required and thus, we need not address the State's arguments here.

However, failure to raise the issue in the trial court when the issue is readily apparent constitutes a waiver, and this court need not address the issue for the first time on appeal. *Cleveland v. Clark*, 2019-Ohio-1999, ¶ 11 (8th Dist.), citing *Cleveland v. Peoples*, 2015-Ohio-674 (8th Dist.), citing *Cleveland v. Meehan*, 2014-Ohio-2265, ¶ 20 (8th Dist.), citing *Cleveland v. Taylor*, 2013-Ohio-4708, ¶ 7-8 (8th Dist.).

{¶ 12} Nevertheless, the record establishes there was no error. At the time Stafford entered his plea, the Ohio Supreme Court had granted the State's request for a stay of this court's order in *Philpotts*. The Ohio Supreme Court has found:

> "The effect of a stay pending review in a criminal appeal is preventive in nature. It preserves the status quo of the litigation pending appellate review and suspends the power of the lower court to issue execution of the judgment or sentence."

*State v. Roberts*, 2008-Ohio-3835, ¶ 24, quoting *Loeb v. State*, 387 So.2d 433, 435-436 (Fla.App. 1980).

{¶ 13} Thus, at the time of Stafford's plea the statute was constitutional on its face and remained in effect. The trial court did not plainly err when it accepted Stafford's plea. Accordingly, the first assignment of error is overruled.

{¶ 14} Turning to Stafford's second assignment of error, in order to establish ineffective assistance of counsel, Stafford must demonstrate that (1) his counsel was deficient in some aspect of his representation, and (2) there is a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984).

Moreover, "'the failure to make a showing of either deficient performance or prejudice defeats a claim of ineffective assistance of counsel.'" *State v. Harris,* 2021-Ohio-856, ¶ 21, citing *In re S.A.*, 2019-Ohio-4782, ¶ 46, quoting *State v. Davenport*, 2018-Ohio-2933, ¶ 25, citing *Strickland* at 697. Furthermore, an attorney is entitled to the presumption that his "'conduct falls within the wide range of reasonable professional assistance.'" *State v. Daniels,* 2018-Ohio-1701, ¶ 23 (1st Dist.), quoting *Strickland* at 689.

{¶ 15} Stafford's challenge hinges on whether his attorney erred when he did not raise the constitutionality of R.C. 2923.13(A)(2) before the trial court. Stafford suggests, based on a silent record, that his trial lawyer did not consider the constitutionality of R.C. 2923.13(A)(2) or review it with Stafford prior to the plea. However, it is well settled that alleged ineffectiveness must be apparent from the record on appeal. *State v. Rowe*, 2011-Ohio-5739, ¶ 22 (3d Dist.). A party alleging errors outside of the record may utilize a postconviction-relief petition to raise them. *Id.,* citing *State v. Coleman*, 85 Ohio St.3d 129, 134 (1999). A postconviction-relief petition is a collateral attack on a judgment and allows a petitioner to submit documentation and affidavits to support their argument. *State v. Broom*, 2016-Ohio-1028, ¶ 28 and R.C. 2953.21(A)(1)(b).

{¶ 16} Stafford's attorney informed the court before the plea that he met with his client, reviewed discovery and his client's constitutional rights, and believed Stafford was entering into the plea deal knowingly, intelligently, and voluntarily. When questioned, Stafford averred that he was satisfied with the performance of his

counsel and understood his constitutional rights and the nature of his plea. Based on the record before us, we do not find any evidence that overcomes the presumption that Stafford's lawyer's conduct fell within the wide range of reasonable professional assistance.

{¶ 17} Accordingly, the second assignment of error is overruled.

{¶ 18} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
KATHLEEN ANN KEOUGH, J., CONCUR