JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.
 {¶ 2} Defendant-appellant Lon Sweeney ("Sweeney") appeals the trial court's decision imposing maximum consecutive sentences. Finding no merit to the appeal, we affirm.
 {¶ 3} Sweeney was charged in the Garfield Heights Municipal Court with resisting arrest and assault on a police officer, both first degree misdemeanors, and assault on a police dog, a second degree misdemeanor. At his bench trial, the evidence revealed that on May 5, 2004, Sweeney was intoxicated and refused to leave a local bar. When police arrived, Sweeney attempted to leave the bar, ignoring a police officer's order to stop. Sweeney became combative and struck the officer and kicked the police dog. While struggling to restrain Sweeney, another officer was accidentally bitten by the police dog.
 {¶ 4} The trial court found Sweeney guilty of the three charges and imposed the maximum six months in jail on the first two counts and the maximum sentence of 90 days on the third count, to run consecutively, for a total of 15 months.
 {¶ 5} Sweeney appeals, raising two assignments of error.
 Maximum Consecutive Sentences {¶ 6} In his first assignment of error, Sweeney claims that the trial court erred in imposing maximum consecutive sentences because the offenses arose out of a single incident. He claims that the trial court failed to adhere to the misdemeanor sentencing guidelines, and, therefore, his sentence is contrary to law. We disagree.
 {¶ 7} R.C. 2929.22 governs misdemeanor sentencing and sets forth factors the court must consider before imposing a sentence. Those factors include the nature and circumstances of the offense, the offender's history of criminal conduct, the condition of the victim, and the likelihood that the offender will commit crimes in the future. R.C.2929.22(B). The trial court enjoys broad discretion in imposing a sentence on a misdemeanor offense; however, its failure to consider the factors enumerated under R.C. 2929.22(B) constitutes an abuse of discretion. State v. Frazier (2004), 158 Ohio App.3d 407; State v.Wagner (1992), 80 Ohio App.3d 88, 95.
 {¶ 8} However, unlike felony sentencing, a trial court need not make findings of fact on the record when imposing a misdemeanor sentence pursuant to R.C. 2929.22. State v. Ramirez, Seneca App. No. 13-04-31, 2005-Ohio-1430, ¶ 30; City of Seven Hills v. Willits (Dec. 2, 1999), Cuyahoga App. No. 75444; State v. Polick (1995), 101 Ohio App.3d 428,431. Rather, when a misdemeanor sentence is within the statutory limits, the trial court is presumed to have considered the required factors, absent a showing to the contrary by the defendant. Id.;Frazier, supra.
 {¶ 9} Moreover, R.C. 2929.41(B)(1) specifically provides that a sentence for imprisonment for a misdemeanor shall be served consecutively to any other sentence of imprisonment when the trial court specifies that it is to be served consecutively. "While R.C. 2929.41(A) creates a presumption that sentences for multiple felonies are to be served concurrently, absent certain statutory requirements and findings, Subsection (B) clearly creates a presumption that sentences for misdemeanors are to be served consecutively, not to exceed an aggregate term of eighteen months." State v. Sheppard (May 19, 1999), Ashland App. No. 98-COA-01278.
 {¶ 10} In the instant case, we cannot say that the trial court abused its discretion in imposing maximum consecutive sentences. Each sentence was within the statutory limits of R.C. 2929.24(A) and the aggregate sentence did not exceed 18 months. Further, we find no evidence in the record to rebut the presumption that the trial court properly considered the factors set forth in R.C. 2929.22. Indeed, our review of the record reveals that the trial court considered the nature and circumstances of each offense and stated that the danger the offenses posed to the police officers and the need to deter such conduct warranted maximum consecutive sentences.
 {¶ 11} Accordingly, the first assignment of error is overruled.
 Allied Offenses {¶ 12} In his second assignment of error, Sweeney claims that the trial court erroneously sentenced him on both the assault on a police officer and resisting arrest charges. He contends that the offenses constitute allied offenses and, therefore, they should have merged at sentencing. We disagree.
 {¶ 13} R.C. 2941.25(A) states, "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." (Emphasis added.)
 {¶ 14} In State v. Rance, 85 Ohio St.3d 632, 1999-Ohio-291, the Ohio Supreme Court explained that offenses are of similar import if the elements of each crime in the abstract "correspond to such a degree that the commission of one crime will result in the commission of the other." Id. at 638, quoting State v. Jones, 78 Ohio St.3d 12, 14, 1997-Ohio-38.
 {¶ 15} Sweeney was convicted of resisting arrest under R.C. 2921.33(B), which provides:
"(B) No person, recklessly or by force, shall resist or interfere witha lawful arrest of the person or another person and, during the course ofor as a result of the resistance or interference, cause physical harm toa law enforcement officer."
 {¶ 16} He was also convicted of assault on a police officer pursuant to R.C. 2903.13(A), which states, "No person shall knowingly cause or attempt to cause physical harm to another * * *."
 {¶ 17} In addressing this same issue, the Eleventh Appellate District in State v. Loomis, Ashtabula App. No. 2002-A-0102, recently held that resisting arrest, as defined in R.C. 2921.33(B), and assault, as set forth in R.C. 2903.13(A), are not allied offenses of similar import. The court recognized that resisting arrest requires proof of the additional element of resistance of a lawful arrest. Id. at ¶ 20. Thus, the elements of the offenses do not correspond to such a degree that commission of one crime results in the commission of the other. Id. We find the reasoning in Loomis, supra, to be persuasive and, accordingly, overrule the second assignment of error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Garfield Heights Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J. and Gallagher, J. Concur.