[Cite as *Lakewood v. Dobra*, 2018-Ohio-960.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106001**

# CITY OF LAKEWOOD

PLAINTIFF-APPELLEE

vs.

# VALENTIN M. DOBRA

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Lakewood Municipal Court
Case No. 2017 CRB 00195

**BEFORE:** Kilbane, P.J., S. Gallagher, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** March 15, 2018

**ATTORNEY FOR APPELLANT**

Edward M. Heindel
400 Terminal Tower
50 Public Square
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Kevin M. Butler
Law Director
City of Lakewood

By: Pamela L. Roessner
Chief Prosecuting Attorney
Andrew N. Fleck
Assistant City Prosecutor
12650 Detroit Avenue
Lakewood, Ohio 44107

MARY EILEEN KILBANE, P.J.:

{¶1} Defendant-appellant, Valentin M. Dobra ("Dobra"), appeals from his conviction and sentence for menacing by stalking. For the reasons set forth below, we affirm.

{¶2} In February 2017, the city of Lakewood ("the city") filed a complaint charging Dobra with one count of menacing by stalking. The complaint arose from allegations by Dobra's neighbor, a young woman almost 20 years his junior, who had rebuffed Dobra's romantic advances. Dobra and the young woman resided in the same apartment building; the young woman's apartment was located directly above Dobra's unit.

{¶3} In April 2017, Dobra agreed to enter a no contest plea to the single charge of menacing by stalking and also consented to a finding of guilt. The trial court engaged Dobra in a full plea colloquy under Crim.R. 11(E), accepted Dobra's no contest plea, and entered a finding that Dobra was guilty of menacing by stalking.

{¶4} In June 2017, the trial court sentenced Dobra to 45 days in jail, imposed a $250 fine, and placed Dobra on five years of community control supervision. In July 2017, Dobra filed a notice of appeal from this order with this court and moved the trial court to stay his sentence pending resolution of the instant appeal. The trial court granted Dobra's motion, staying his jail sentence as well as payment of the fine and court costs. However, the trial court ordered that Dobra remain under community control supervision, the only condition of which was that Dobra have no contact with the young woman.

**{¶5}** Dobra raises the following two assignments of error for our review.

### Assignment of Error One

The trial court erred when it sentenced Dobra without considering the purposes and principles of misdemeanor sentencing contained in R.C. 2929.21 and the factors listed in R.C. 2929.22.

### Assignment of Error Two

The trial court erred when it accepted a no contest plea, and found Dobra guilty, without a full written jury waiver being first executed in open court, signed by [Dobra], and filed with the clerk of courts. *State v. Fish*, 104 Ohio App.3d 236, 661 N.E.2d 788 (1st Dist.1995).

**{¶6}** At oral argument, Dobra's appellate counsel withdrew the second assignment of error, acknowledging that the holding of the First District in *Fish*, upon which Dobra relied in the second assignment of error, has recently been overruled by that court. *See State v. Sims*, 1st Dist. Hamilton No. C-160856, 2017-Ohio-8379, ¶ 15 ("To the extent that *Fish* held that a trial court was required to obtain a written [jury] waiver before accepting a no contest plea [after a timely jury demand has been filed for a petty offense], it is overruled."). Therefore, we only address the remaining assignment of error. *See also Cleveland Hts. v. Brisbane*, 2016-Ohio-4564, 70 N.E.3d 52 (8th Dist.), _ 45-46 (finding the trial court did not err in accepting a no contest plea to a serious misdemeanor offense without obtaining a written jury waiver because the entrance of a guilty or no contest plea constitutes a waiver of the right to jury trial.).

## Misdemeanor Sentencing

**{¶7}** In the first assignment of error, Dobra argues that his sentence is contrary to law because the trial court did not specifically reference the overriding purposes of misdemeanor sentencing under R.C. 2929.21 and the required factors under R.C. 2929.22.

**{¶8}** A trial court enjoys broad discretion in imposing sentence on a misdemeanor offense. *Cleveland v. Meehan*, 8th Dist. Cuyahoga No. 100202, 2014-Ohio-2265, ¶ 7. The sentence imposed by the trial court will not be disturbed on appeal absent an abuse of this discretion. *Id.*

**{¶9}** In fashioning a misdemeanor sentence, a trial court must consider the overriding purposes of misdemeanor sentencing "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21. The trial court must also consider all factors enumerated in R.C. 2929.22(B).

**{¶10}** This court has held that the trial court's failure to consider these factors constitutes an abuse of discretion. *Maple Hts. v. Sweeney*, 8th Dist. Cuyahoga No. 85415, 2005-Ohio-2820, ¶ 7. However, the trial court is not required to make factual findings on the record related to these factors. *Id.* at ¶ 8. Indeed, "when a misdemeanor sentence is within the statutory limits, the trial court is presumed to have considered the required factors [under R.C. 2929.22], absent a showing to the contrary by the defendant." *Id.*

**{¶11}** Dobra does not dispute that his sentence is within the statutory range for his first-degree misdemeanor conviction of menacing by stalking. Rather, he argues that

the trial court's failure to specifically reference the factors enumerated in R.C. 2929.22 indicates it did not actually consider the factors. As discussed above, there is no requirement that a trial court specifically state its reasons on the record when imposing a misdemeanor sentence. *Strongsville v. Jaeger*, 8th Dist. Cuyahoga No. 99579, 2013-Ohio-4476, ¶ 4.

**{¶12}** Here, the trial court sentenced Dobra to 45 days in jail, imposed a $250 fine, and placed Dobra on five years of community control. Before sentencing Dobra, the trial court noted that it had reviewed the presentence report then discussed the consequences of Dobra's actions. The trial court noted that the young woman had been drug tested by her employer because Dobra complained to her boss that she was using drugs. The trial court further noted that Dobra had posted disparaging remarks about the young woman on social media and had caused her to move out of her apartment because she felt it necessary "to get away from [Dobra]."

**{¶13}** Although the trial court did not specifically cite to the overriding purposes of misdemeanor sentencing under R.C. 2929.21 and the R.C. 2929.22(B) factors, the trial court's discussion of Dobra's actions indicates its consideration of the required factors in sentencing Dobra. Ultimately, Dobra does not present any evidence to rebut the presumption that the trial court did consider these factors. He contends, however, that the trial court abused its discretion in sentencing him to 45 days in jail and the maximum time of community control because he is a first-time offender and this was a "non-violent offense, with no injuries or weapons."

**{¶14}** After careful review of the record, we do not find that the trial court abused its discretion, nor do we find the sentence imposed to be unreasonable in light of Dobra's actions.

**{¶15}** We note that the 45-day jail sentence was considerably less than that recommended by the probation department. In her victim impact statement, the young woman expressed her fear of Dobra and explained that she felt the need to move because he made veiled threats to her. She wrote that Dobra "flaunts * * * that he has guns" and had told her that, before she moved in, he once accidentally shot a bullet toward the ceiling of his apartment, into her unit. She further explained that she had moved to this particular apartment building because the affordable rent would allow her to save money, but that, ultimately, having to take unpaid time off of work to move unexpectedly caused her to lose more money than she saved. She also explained that she used to be "friendly with neighbors," but that Dobra's actions made her "leery of people" and now make her "think twice about getting to know her neighbors."

**{¶16}** In light of the foregoing, the first assignment of error is overruled.

**{¶17}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Lakewood Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.

_____

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
ANITA LASTER MAYS, J., CONCUR