[Cite as *Cleveland v. Boyd*, 2023-Ohio-459.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

CITY OF CLEVELAND, :

    Plaintiff-Appellee, :

                     No. 111660

    v. :

JOHN A. BOYD, :

    Defendant-Appellant. :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, VACATED IN PART.
**RELEASED AND JOURNALIZED:** February 16, 2023

---

Criminal Appeal from the Cleveland Municipal Court
Case No. 2021-CRB-009279

---

***Appearances:***

Mark Griffin, Cleveland Director of Law, and Gina Villa,
Assistant Director of Law, *for appellee.*

Judith M. Kowalski, *for appellant.*

FRANK DANIEL CELEBREZZE, III, P.J.:

{¶ 1} John Boyd appeals his sentence for criminal mischief as imposed by the Cleveland Municipal Court. After a careful review of the facts and law, we affirm in part and vacate in part.

# I. Factual and Procedural History

{¶ 2} Boyd was charged with one count of criminal damaging or endangering and three counts of criminal mischief. The charges stemmed from conduct occurring in July 2021 where Boyd was caught on surveillance cameras tearing down political signs at a gas station on multiple occasions, utilizing a knife to do so. A plea agreement was reached, and Boyd entered a guilty plea to a single count of criminal mischief, a third-degree misdemeanor.

{¶ 3} Boyd was referred for a presentence investigation with the probation department, but the interview was never completed due to apparent confusion regarding Boyd's phone number. The presentence-investigation report, therefore, contained only information regarding Boyd's criminal history and the instant offense. It appears that from Boyd's criminal history and his alleged failure to contact the probation department, the probation officer recommended that, as part of his sentence, Boyd complete a community orientation program ("COP"), a community awareness program ("CAP"), a substance abuse assessment and counseling ("SAA/C"), substance abuse testing ("SAT"), a mental health assessment ("MHA"), anger management, and community work service ("CWS").

{¶ 4} At sentencing, Boyd's counsel conceded that the COP and CAP sanctions were both appropriate, but that the remaining recommendations were unrelated to this offense that was nonviolent and did not cause financial loss. Boyd noted that the two violent offenses on his record, first-degree murder and murder while perpetrating a robbery, occurred over 50 years ago. Boyd argued that since

that time, he has become a productive member of society, citing the fact that he ran for city council three times and county council another time, and served as a precinct committee member. Boyd also received a degree in clinical counseling and was employed as a mental health counselor for 15 years.

{¶ 5} The court sentenced Boyd to 60 days in prison, all of which were suspended, and $500 in costs, $450 of which were suspended. The court did not impose every program recommended by the probation department and ordered Boyd to complete two years of active probation, including completing the COP, CAP, anger management, and SAA/C programs. He was also required to submit to the MHA to determine his eligibility for the mental health docket and submit to SAT.

{¶ 6} At this point, Boyd began arguing with the trial court.

THE DEFENDANT: Are you really going to give me two years active probation for this —

THE COURT: I really am. I really am.

THE DEFENDANT: — for tearing down a sign?

THE COURT: I really am. Yes, I am —

THE DEFENDANT: What's the jail time —

THE COURT: — Defendant to contact Probation, today. Failure to call, warrant to issue.

THE DEFENDANT: This is — this is harsh. This is crazy.

THE COURT: Um-hum. It is crazy.

THE DEFENDANT: This is political. It's been political from the beginning. It seems to me, continues to be political.

THE COURT: Got it. See you tomorrow, 8:30, courtroom 15-C.

THE DEFENDANT: Yeah, right.

THE COURT: Um-hum.

THE DEFENDANT: You wrong, Judge. Wrong —

THE COURT: Okay. And so are you.

THE DEFENDANT: Yeah. You're about —

THE COURT: It was probably something that was needed. Thanks, Eric.

(Tr. 10-11.)

{¶ 7} The hearing concluded immediately thereafter. Boyd timely appealed his sentence, assigning a single error for our review:

> The sentencing court erred and abused its discretion by requiring that the appellant submit to the substance abuse assessment and counseling, mental health court screening and evaluation, drug testing, and anger management, as those services bear no relation to the offense to which he pleaded guilty.

## II. Law and Analysis

{¶ 8} In his sole assignment of error, Boyd argues that the trial court abused its discretion in sentencing Boyd to SAA/C, anger management, SAT, and the MHA for a nonviolent offense against property. Boyd argues that these sanctions do not relate to the offense to which he plead guilty.

{¶ 9} Trial courts have broad discretion when sentencing a defendant in a misdemeanor case. *Euclid v. Gage-Vaughn*, 8th Dist. Cuyahoga No. 86498, 2006-Ohio-1941, ¶ 28, citing *State v. Yontz*, 33 Ohio App.3d 342, 343, 515 N.E.2d 1012

(12th Dist.1986). A trial court's sentence will not be disturbed absent an affirmative showing of an abuse of discretion. *Gage-Vaughn* at *id.*, citing *State v. Nite Clubs of Ohio, Inc.*, 7th Dist. Mahoning No. 03 MA 20, 2004-Ohio-4989, ¶ 7; *Rocky River v. Burke*, 8th Dist. Cuyahoga No. 78578, 2002-Ohio-1651. An abuse of discretion occurs when a court exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority. *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35. Such an abuse "'"implies that the court's attitude is unreasonable, arbitrary or unconscionable."'" *State v. Montgomery*, Slip Opinion No. 2022-Ohio-2211, ¶ 135, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 10} A trial court is authorized to impose a sentence of community-control sanctions in misdemeanor offenses pursuant to R.C. 2929.27(A). R.C. 2929.27(C) instructs that in addition to the listed sanctions within R.C. 2929.27(A), a court "may impose any other sanction that is intended to discourage the offender * * * from committing a similar offense if the sanction is reasonably related to the overriding purposes and principles of misdemeanor sentencing."

{¶ 11} When imposing a misdemeanor sentence, trial courts "must consider the overriding purposes of misdemeanor sentencing which are 'to protect the public from future crime by the offender and others and to punish the offender.'" *Lakewood v. Dobra*, 8th Dist. Cuyahoga No. 106001, 2018-Ohio-960, ¶ 9, quoting R.C. 2929.21. R.C. 2929.22(B) enumerates factors that the trial court must consider

in misdemeanor sentencing and failure to consider these factors constitutes an abuse of discretion. *Id.* at ¶ 9-10, citing *Maple Hts. v. Sweeney*, 8th Dist. Cuyahoga No. 85415, 2005-Ohio-2820, ¶ 7. Nonetheless, "the trial court is not required to make factual findings on the record related to these factors." *Dobra* at ¶ 10, citing *Sweeney* at ¶ 7. So long as the misdemeanor sentence is within the statutory limits, the trial court is presumed to have considered the required factors enumerated in R.C. 2929.22 absent a showing to the contrary by the contesting defendant. *Dobra* at *id.*, citing *Sweeney* at *id.*

{¶ 12} Further, community-control conditions must reasonably relate to the goals of community control: "'rehabilitation, administering justice, and ensuring good behavior.'" *State v. Mahon*, 8th Dist. Cuyahoga No. 106043, 2018-Ohio-295, ¶ 7, quoting *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 16. In *State v. Jones*, 49 Ohio St.3d 51, 53, 550 N.E.2d 469 (1990), the Ohio Supreme Court set forth a test for determining whether community-control conditions reasonably relate to these goals. The trial court must consider whether the condition is (1) reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct that is criminal or reasonably related to future criminality and serves the statutory ends of probation. "All three prongs of the *Jones* test must be satisfied for the reviewing court to find that the trial court did not abuse its discretion." *Mahon* at ¶ 8, citing *State v. White*, 10th Dist. Franklin No. 14AP-1027, 2015-Ohio-3844,

¶ 10. Further, the conditions "'cannot be overly broad so as to unnecessarily impinge upon the [offender's] liberty.'" *Talty* at ¶13, quoting *Jones* at 52.

{¶ 13} Boyd appears to argue the inapplicability of the second prong, suggesting that this was a "crime against property" and therefore bears no relationship to the trial court's community-control sanctions requiring Boyd to participate in SAA/C, anger management, SAT, and the MHA. Boyd also suggests that he is older and suffers from several health conditions and that these programs are too onerous and disproportionate to the actual offense.

{¶ 14} Boyd directs this court to *State v. Marcum*, 4th Dist. Hocking Nos. 11CA8 and 11CA10, 2012-Ohio-572. In *Marcum*, the Fourth District applied the *Jones* test to a community-control condition that forbade the defendant from having contact with her own husband. The defendant was convicted of misuse of 911 and obstructing official business stemming from a domestic incident where 911 was contacted three separate times in one evening. The court ultimately found that the first and third prongs were not met because a no-contact order could not possibly rehabilitate the offender nor was there any pattern of conduct that led to the criminal activity. We do not find persuasive authority in this case. *Marcum* stems from a domestic dispute that resulted in a no-contact order. We cannot say that court-sponsored programs specifically designed to rehabilitate offenders and facilitate good behavior can be likened to a court's attempt to limit contact with an individual.

{¶ 15} Boyd also directs this court to *State v. Brown*, 8th Dist. Cuyahoga No. 111173, 2022-Ohio-3233. Brown pled guilty to a single count of criminal nonsupport

and was sentenced to five years of community control. Part of Brown's community-control conditions forbade Brown from going anywhere where drugs and/or alcohol were sold, served, or used. This court reversed, noting that not a single prong of the *Jones* test was satisfied by this prohibition. The record was completely devoid of any mention of drugs or alcohol and there was no evidence that Brown's criminal nonsupport was related to a substance abuse problem. We do find *Brown* persuasive in the instant matter. The requirement that Boyd submit to a SAA/C and SAT does not have any nexus to this offense. There is no allegation or even mention in the record that substance abuse contributed to Boyd's tearing down of political signs. This is consistent with several other holdings in this court. *See, e.g., N. Olmsted v. Rock*, 8th Dist. Cuyahoga No. 105566, 2018-Ohio-1084, ¶ 36; *State v. Mahon*, 8th Dist. Cuyahoga No. 106043, 2018-Ohio-295, ¶ 11; *Strongsville v. Feliciano*, 8th Dist. Cuyahoga No. 96294, 2011-Ohio-5394. We therefore sustain Boyd's assignment of error as it pertains to SAA/C and SAT.

{¶ 16} We are, however, unpersuaded that anger management and the MHA do not pass the *Jones* test. Under the first *Jones* factor, anger management and the MHA both contribute to the rehabilitation of defendants because they both fall under the umbrella of mental health treatment and are designed to rehabilitate individuals by their very nature. Turning to the second factor, we note that "[t]he community control sanctions are to be related to the *circumstances* of the offense, but the sanctions do not necessarily need to relate only to the conviction itself." *S. Euclid v. Bickerstaff*, 8th Dist. Cuyahoga No. 107526, 2019-Ohio-2223, ¶ 20, citing

*State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, 926 N.E.2d 714, ¶ 12-14 (2d Dist.). We therefore find that the nature of Boyd's crime, which was tearing down political signs, could be motivated by existing and untreated mental health problems, therefore supporting a nexus to the underlying crime. Indeed, the record reflects that Boyd made several attempts to tear down the sign, returning to the gas station multiple times to finish the job. Turning to the third *Jones* factor, we find that anger management and the MHA are related to Boyd's criminality. Boyd's criminal history is extensive and though we note that it has tapered down in recent years, it is wholly possible that Boyd's inability to remain completely out of the criminal justice system is related to untreated mental health problems and it is not readily apparent that Boyd has benefitted from past punishments. Indeed, as recently as 2017, Boyd was convicted of O.V.I. and two separate drug paraphernalia charges in different municipal courts. Finally, Boyd's candor towards the trial court is indicative of this point. *See, e.g., Bickerstaff* at ¶ 24. Finding that all prongs of the *Jones* test are satisfied by anger management and the MHA, we affirm the trial court's requirement that Boyd submit to these programs as part of his community-control sentence.

### III. Conclusion

{¶ 17} After careful consideration of the entire record, we find that the trial court abused its discretion in imposing community-control conditions relating to substance abuse, including SAA/C and SAT, where the record before us does not

suggest that drugs and/or alcohol contributed to Boyd's criminal conduct. We vacate these portions of Boyd's sentence.

{¶ 18} We do find, however, that the trial court did not err in requiring Boyd to report for anger management and complete the MHA. These conditions are supported by all three *Jones* factors and reasonably relate to the goals of community-control. Those sanctions are affirmed.

{¶ 19} Judgment is affirmed in part and vacated in part.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
MARY EILEEN KILBANE, J., CONCUR