[Cite as *Westlake v. Rios*, 2023-Ohio-4415.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CITY OF WESTLAKE, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 112452 |
| v. | : | |
| SHANE P. STEVENS RIOS, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 7, 2023

Criminal Appeal from the Rocky River Municipal Court
Case No. 22 CRB 873

*Appearances:*

Michael P. Maloney, City of Westlake Director of Law, and
John J. Spellacy, Assistant Prosecutor, *for appellee.*

Judith M. Kowalski, *for appellant.*

SEAN C. GALLAGHER, J.:

{¶ 1} Shane P. Steven Rios appeals the five-year term of community control sanctions imposed upon his pleading no contest to aggravated menacing in violation of R.C. 2903.21, a misdemeanor of the first degree. Finding no reversible error, we affirm.

{¶ 2} Rios's conviction stems from a road-rage incident. On the day of the incident, Rios was driving through a Westlake, Ohio, neighborhood. According to Rios, three juveniles (approximately 11 or 12 years old at the time) threw a rock at his car, so he proceeded to stop and "reprimand" them. There is no evidence of damage to Rios's vehicle, and when officers arrested Rios immediately after the incident, he did not mention the rock or damage to his vehicle. The victims, one of whom unbeknownst to Rios at the time of the incident lived a few houses away from Rios, were riding their bicycles down the street when Rios drove by them faster than normal. One of them told Rios to slow down. That is when Rios stopped by pulling his car in front of the children's path, telling them "that he had a gun and they better be careful" or words to that effect. According to Rios, the minors misinterpreted his statement that "people own guns, you know, you can't do stuff like that or you could get yourself shot." To their credit, the kids stated that they did not see Rios brandish his handgun but feared he possessed one and intended to use it.

{¶ 3} An adult neighbor witnessed the altercation as it unfolded. She claimed that Rios pointed his firearm toward her right before she began filming the incident on her cell phone. Rios is depicted on the video as telling the neighbor that he "should use [the gun] on [her]" before making derogatory comments about her body composition, along with a boorish reference to her anatomy. After the interaction with the neighbor, Rios left, but the minor victims immediately sought police assistance.

{¶ 4} Police officers responded and confronted Rios in his driveway based on the license plate number the neighbor provided. After being detained, Rios told the officers that the firearm was unloaded in his bedroom safe and had not been touched in months. Rios consented to the officers entering his home to confirm the handgun's location and perform a protective sweep before further discussing the matter. A Ruger .22 caliber handgun was found in a satchel on Rios's kitchen table next to drug paraphernalia. His wallet and phone were inside the satchel, which according to the officers, demonstrated that he had possession of the firearm while driving through the neighborhood.

{¶ 5} Rios agreed to plead no contest to, and stipulated to the finding of guilt on, one charge of aggravated menacing for the assault on the neighbor. In exchange, the individual cases based on the assaults against the juveniles were dismissed. Those three victims were added to the single count in the complaint pertaining to the neighbor. The trial court found Rios guilty and sentenced him to a five-year term of community control sanctions.

{¶ 6} At sentencing, the probation officer conducting the presentence-investigation report addressed the court. She confirmed that Rios had no prior criminal history and lives in Westlake, Ohio. She stated that he is permanently disabled and receives social security because of his disability. The probation officer recounted Rios's belief that this was a misunderstanding between him and the youths, "but if they are as traumatized as he's been told that they are, that he accepts his no contest plea so they don't have to be traumatized any further." The probation

officer concluded her testimony by discussing how Rios had lost both his parents, that he has adopted two children with his husband of 27 years, and that he is undergoing treatment for a major depressive disorder.

{¶ 7} This appeal followed, in which Rios claims the trial court abused its discretion by sentencing him to the five-year term of community control sanctions, which included his voluntary surrender of the firearm and a no-contact order protecting the victims and their families.

{¶ 8} Misdemeanor sentencing is reviewed for an abuse of discretion under the standards established by R.C. 2929.21 through 2929.28. *State v. Gaines*, 8th Dist. Cuyahoga No. 106784, 2019-Ohio-639, ¶ 20-21, citing *N. Olmsted v. Rock*, 8th Dist. Cuyahoga No. 105566, 2018-Ohio-1084, ¶ 32. The trial court, before imposing sentence, considers the overriding purposes of misdemeanor sentencing: "'to protect the public from future crime by the offender and others and to punish the offender,' set forth in R.C. 2929.21, and the factors set forth in R.C. 2929.22(B) regarding the appropriate method of achieving those purposes." *Id.*, quoting *Lakewood v. Dobra*, 8th Dist. Cuyahoga No. 106001, 2018-Ohio-960, ¶ 9.

{¶ 9} An abuse of discretion occurs when a trial court imposes a sentence for a misdemeanor conviction without considering the sentencing factors under R.C. 2929.21 and 2929.22. *Dobra* at ¶ 10, citing *Maple Hts. v. Sweeney*, 8th Dist. Cuyahoga No. 85415, 2005-Ohio-2820, ¶ 7. Notwithstanding, "a trial court need not make factual findings on the record regarding its consideration of the factors set forth in the statutes." *State v. Kouame*, 8th Dist. Cuyahoga No. 108559, 2020-Ohio-

3118, ¶ 102-103, citing *Sweeney* at ¶ 8. "'[W]hen a misdemeanor sentence is within the statutory limits, the trial court is presumed to have considered the required factors [under R.C. 2929.22], absent a showing to the contrary by the defendant.'" *Id.,* citing *Sweeney*.

{¶ 10} The overriding purposes of misdemeanor sentencing are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21(A). In order "to achieve these purposes, the sentencing court shall consider the impact of the offense on the victim, the need to change the offender's behavior, the need to rehabilitate the offender, and the desire to make restitution to the victim and/or the public." *Id.* R.C. 2929.25 then provides two options for sentencing on misdemeanors: (1) directly impose a sentence that consists of one or more community control sanctions authorized by R.C. 2929.26, 2929.27, or 2929.28; or (2) impose a jail sentence, suspend some or all of that sentence, and place the offender under a community control sanction or combination of community control sanctions authorized under R.C. 2929.26, 2929.27, or 2929.28. R.C. 2929.25(A)(1)(a)-(b); *see also Walton Hills v. Olesinski*, 8th Dist. Cuyahoga No. 109032, 2020-Ohio-5618, ¶ 16-17. The duration of all community control sanctions cannot exceed five years. R.C. 2929.25(A)(2).

{¶ 11} Rios's sole argument in this case pertains to the five-year duration of the community control sanctions imposed. Rios believes that serving the sanctions between sentencing and the conclusion of this appeal would be a more appropriate sanction. Rios's arguments are not based on any particular aspect of the sentencing

hearing. Rios claims his actions were out of character and that he has demonstrated remorse for his conduct, and in addition, his lack of a criminal history demonstrates that a shorter term would be appropriate. The five-year duration of community control sanctions, however, is within the statutory range and there is no argument that any of the conditions are themselves violative of the principles and purposes of misdemeanor sentencing. In short, he is asking this panel to modify his sentence based on a de novo review of the sentencing factors and considerations, a standard of review that is not applicable.

{¶ 12} This incident stemmed from a road-rage event that is becoming all too familiar, where petty annoyances are turned into overreactive threats or acts of violence. Although this incident did not involve physical harm, which is reflected in the severity of the offense for which he was convicted, we cannot say that the trial court abused its discretion in imposing the maximum term of community control sanctions available for the aggravated menacing offense based on the arguments presented.

{¶ 13} We nonetheless note that the record generally supports the trial court's sentencing decision. According to the presentence-investigation report, Rios continues to claim that he did not have his firearm in the vehicle that day and that everything was a misunderstanding between him and the children. In recounting his version of events to the probation officer, Rios also accused the neighbor of being homophobic as a basis to justify his conduct toward her. His comments to the probation officer in general demonstrate little accountability or the remorse Rios

claims to have achieved. Those comments also contradict the impact of his plea of no contest.

{¶ 14} Although a no-contest plea is not an admission of guilt, it "is an admission of the truth of the facts alleged in the indictment, information, or complaint." Crim.R. 11(B)(2). The underlying complaint alleged that Rios confronted the neighbor, pointed a gun directly at her, and expressed his belief that he should use the firearm on her. Through the no-contest plea, Rios admitted to the truth of those facts. *Id.* Telling the probation officer that he did not brandish the firearm does not demonstrate the accountability and remorse Rios claims to have achieved after acknowledging the truth of those facts for the purposes of his plea.

{¶ 15} And finally, in this appeal, Rios places much emphasis on the fact that he is a first-time offender. The fact that Rios is a first-time offender does not, in and of itself, definitely demonstrate an abuse of discretion in sentencing; otherwise, no first-time offender could be sentenced to the maximum available sanction. Even in more severe contexts of felony sentencing, courts have rejected this form of argument in reviewing sentences under a deferential standard of review. *See, e.g., State v. Cobbledick*, 8th Dist. Cuyahoga No. 108959, 2020-Ohio-4744, ¶ 15 (reviewing the offender's lack of criminal history in relation to the sentence imposed invites a de novo review that is not permitted under the deferential standard).

{¶ 16} Rios's argument that this panel review the sentencing factors anew, which is more aptly described as a de novo sentencing review that an appellate court is not permitted to entertain, is without merit. He escalated what otherwise would

have been a trivial matter by brandishing a firearm at the neighbor and threatening the juveniles. Further, part of the conditions of the sanctions imposed include a no-contact order preventing Rios from contacting the victims he menaced and precluding his possession of any firearm during the effective period. Given the circumstances, we cannot conclude that the trial court abused its discretion by imposing the maximum term of community control sanctions statutorily available. Nothing within this decision should be construed as limiting the municipal court's ability to modify the terms of the imposed community control sanctions.

{¶ 17} Rios's conviction for aggravated menacing, including the sentence imposed, is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
MARY J. BOYLE, J., CONCUR