[Cite as *State v. Brown*, 2024-Ohio-2907.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 113398 |
| v. | : | |
| MICHAEL BROWN, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 1, 2024

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-678601-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Dominic Neville, Assistant Prosecuting Attorney, *for appellee.*

Allison S. Breneman, *for appellant.*

ANITA LASTER MAYS, J.:

{¶ 1} Defendant-appellant Michael Brown ("Brown") appeals the sentence imposed for his conviction for aggravated menacing, a violation of R.C. 2903.21, a first-degree misdemeanor. We affirm the trial court's judgment.

## I.  Background and Facts

{¶ 2}  On February 20, 2023, Brown was indicted for:  Count 1,  menacing by stalking, R.C. 2903.211(A)(1), with a furthermore clause of threat of physical harm, a fourth-degree felony; and Count 2, menacing by stalking, R.C. 2903.211(A)(1), with a furthermore clause of trespass on land or premises where the victim lives, is employed, or attends school, a fourth-degree felony.

{¶ 3}  On October 24, 2023, Brown entered a guilty plea to amended Count 1, aggravated menacing, R.C. 2903.21, a first-degree misdemeanor, and Count 2 was nolled.  Brown was sentenced to $250 and costs, 180 days with 90 days suspended, a two-year probationary period, and no contact with the victim. The trial court's sentencing entry provided in relevant part that the trial court considered all required factors of the law.

{¶ 4}  On October 30, 2023, the trial court issued a nunc pro tunc entry correcting the sentencing entry to accurately reflect the trial court's sentence on the record:

> Nunc pro tunc entry as of and for 10/24/2023.
> Defendant is sentenced to 180 days county jail.
> 90 days are suspended.
> Defendant to serve 90 days.
> Probation 2 years.

Journal Entry 162959802 (Oct. 30, 2023) p. 1.

## II. Assignment of Error

{¶ 5} Brown assigns a single error on appeal: the trial court abused its discretion by imposing a prison sentence contrary to R.C. 2929.11 and the purposes and principles of the felony sentencing guidelines.

## III. Discussion

{¶ 6} Brown was convicted and sentenced for aggravated menacing, R.C. 2903.21, a first-degree misdemeanor. Thus, the R.C. 2929.11 felony sentencing guidelines do not apply to misdemeanors though the misdemeanor sentencing guidelines under R.C. 2929.21 "are substantially similar to those applied in felony sentencing." *S. Euclid v. Bickerstaff*, 2019-Ohio-2223, ¶ 7 (8th Dist.). In the interest of justice, we analyze the proffered error accordingly.

### A. Standard of Review

{¶ 7} "A trial court enjoys broad discretion in imposing sentence on a misdemeanor offense." *Lakewood v. Dobra*, 2018-Ohio-960, ¶ 8 (8th Dist.), citing *Cleveland v. Meehan*, 2014-Ohio-2265, ¶ 7 (8th Dist.). "The sentence imposed by the trial court will not be disturbed on appeal absent an abuse of this discretion." *Id.* at ¶ 8.

> In fashioning a misdemeanor sentence, a trial court must consider the overriding purposes of misdemeanor sentencing "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21. The trial court must also consider all factors enumerated in R.C. 2929.22(B).

*Id.* at ¶ 9.

**{¶ 8}** Generally, a trial court's failure to consider the factors is an abuse of discretion. *Id.* at ¶ 10, citing *Maple Hts. v. Sweeney*, 2005-Ohio-2820, ¶ 7 (8th Dist.). "An abuse of discretion occurs when a court exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority." *State v. Malfregeot*, 2024-Ohio-257, ¶ 6 (8th Dist.), citing *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

**{¶ 9}** "[T]he trial court is not required to make factual findings on the record related to these factors." *Dobra* at ¶ 10, citing *Sweeney* at ¶ 8. "'[W]hen a misdemeanor sentence is within the statutory limits, the trial court is presumed to have considered the required factors [under R.C. 2929.22], absent a showing to the contrary by the defendant.'" *Id.*, quoting *id.*

### B. Analysis

**{¶ 10}** R.C. 2929.21 sets forth the purposes of misdemeanor sentencing. "The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21(A).

> To achieve those purposes, the sentencing court shall consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public.

*Id.*

**{¶ 11}** R.C. 2929.22 guides the trial court's determination of an appropriate misdemeanor sentence. Factors include

the nature and circumstances of the offense; whether the circumstances indicate that the offender has a history of persistent criminal activity and poses a substantial risk of reoffending; and whether the circumstances regarding the offender and the offense indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences. *See* R.C. 2929.22(B)(1)(a)-(c). Additionally, the court may consider any other factors that are relevant to achieving the purposes and principles of sentencing. R.C. 2929.22(B)(2).

*S. Euclid v. Bickerstaff*, 2019-Ohio-2223, ¶ 8 (8th Dist.).

{¶ 12} Next, R.C. 2929.25 provides

two options for sentencing on misdemeanors: (1) directly impose a sentence that consists of one or more community control sanctions authorized by R.C. 2929.26, 2929.27, or 2929.28; or (2) impose a jail sentence, suspend some or all of that sentence, and place the offender under a community control sanction or combination of community control sanctions authorized under R.C. 2929.26, 2929.27, or 2929.28.

*Westlake v. Rios*, 2023-Ohio-4415, ¶ 10 (8th Dist.), citing R.C. 2929.25(A)(1)(a)-(b);

*see also Walton Hills v. Olesinski*, 2020-Ohio-5618, ¶ 16-17 (8th Dist.). "The

duration of all community control sanctions cannot exceed five years." *Id.*, citing

R.C. 2929.25(A)(2).

### C. Discussion

{¶ 13} Brown argues that the trial court did not consider Brown's acceptance

of guilt and factors cited to the trial court in mitigation. "There was no justifiable

reason to give Brown both time in jail and two years of probation to follow for one

misdemeanor of the first degree." Brief of appellant, p. 6. Brown offers that he

explained the history of his relationship with and prior engagement to the victim,

advised the court of his heart condition problems, highlighted his honorable

discharge from the Marines, and expressed remorse. "The facts in this case evidence a breakup that resulted in hurt feelings and threats on both sides, none that ended in action." *Id.* Brown asks this court to release him from the remainder of his term of probation and that time should be considered served.

{¶ 14} The record reflects the trial court reviewed Brown's criminal history, heard a statement from the victim, and considered Brown's factors cited in mitigation. We reiterate that the trial court is not required to make the factual findings supporting the statutory factors on the record. *Dobra*, 2018-Ohio-960, at ¶ 10 (8th Dist.), citing *Sweeney,* 2005-Ohio-2820, ¶ 8 (8th Dist.). Brown has not overcome the presumption that the trial court considered the requisite factors, and the sentence is within the statutory limits. *Id.*, citing *id.* The sentencing entry provides that the trial court "considered all required factors of the law." The trial court did not abuse its discretion. The judgment is affirmed.

{¶ 15} The assigned error is overruled.

## IV. Conclusion

{¶ 16} The trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

LISA B. FORBES, P.J.,  and
EILEEN T. GALLAGHER, J., CONCUR